{¶ 1} This cause is before this Court on remand from the Supreme Court of Ohio. In State v. Holloway, Cuyahoga App. Nos. 86426 and 86427,2006-Ohio-2591, we held that the trial court's failure to advise Holloway that his post-release control was mandatory rendered his plea invalid. As a result of our holding, we declined to address the remaining assigned errors because they were moot.
 {¶ 2} In Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, the Ohio Supreme Court held that the failure to inform a defendant of the mandatory nature of post-release control did not render the plea or sentence invalid. Accordingly, the Supreme Court reversed and remanded this case to this Court for consideration of the assignments of error previously found moot.
 {¶ 3} Holloway was charged in two separate indictments. In Case No. CR-459859, he was charged with two counts of felonious assault on a police officer with one-, three-, and seven-year firearm specifications, and a peace-officer specification attached. In Case No. CR-460371, he was charged with three counts of drug possession, four counts of drug possession with one-and three-year firearm specifications attached, four counts of drug trafficking, and four counts of drug trafficking with one-and three-year firearm specifications attached, and one count of possession of criminal tools.
 {¶ 4} Although Holloway initially entered not guilty pleas in both cases, he later retracted them. In Case No. CR-459859, Holloway entered a plea to two counts of felonious assault with one-and three-year firearm specifications and a peace-officer specification attached. He also entered a plea to one count of having a weapon while under disability.
 {¶ 5} In Case No. CR-460371, he entered a plea to one count of a second-degree felony drug trafficking and three counts of third-degree felony drug trafficking, with one-and three-year firearm specifications attached. He also pled to one count of possession of criminal tools.
 {¶ 6} Holloway agreed to plead with the understanding the State would recommend a sentence of eight years total for both cases. However, at the plea hearing, the trial court informed Holloway that the sentence was only a recommendation and that the trial court could impose a sentence that did not correspond to the agreed sentence. Holloway stated that he understood it was only a recommended sentence.
 {¶ 7} Regarding Case No. CR-459859, the trial court imposed concurrent sentences of six years each on the two felonious assault counts and one year on the weapon while under disability count, to be served consecutively to the three-year firearm specification, for a total of nine years.
 {¶ 8} Regarding Case No. CR-460371, the trial court imposed concurrent terms of three years on the felony-three drug trafficking offense, four years on the felony-two drug trafficking offense, and nine months on the possession of criminal tools count. This sentence, however, was imposed consecutive to Case No. CR-459859. Thus, Holloway received a total sentence of 13 years.
 {¶ 9} "I. Defendant was denied due process of law when he was not properly informed by the court concerning [the] mandatory nature of post-release control."
 {¶ 10} Holloway argues in his first assigned error that his plea was invalid because he was not informed of the mandatory nature of his post-release control.
 {¶ 11} As we stated above, the Ohio Supreme Court in Watkins v.Collins, supra, held that the failure of the trial court to inform the defendant that the post-release control was mandatory did not result in an invalid plea or sentence. Accordingly, Holloway's first assigned error is without merit and overruled.
 {¶ 12} "II. Defendant was denied due process of law when his plea of guilty was induced by improper and unfulfilled promises and representations, which deprived his plea of its voluntary character."
 {¶ 13} In his second assigned error, Holloway contends he was induced to enter into the pleas based on an agreement between the prosecutor and defense counsel that he would receive a total sentence of eight years.
 {¶ 14} When a trial court explicitly informs the defendant that it is not bound by any recommendation by the State regarding the sentence, and in turn, advises the defendant of the maximum term he may face, the defendant cannot rely on the fact that the State recommended a particular sentence. State v. Kelsey, 106 Ohio St.3d 58, 59,2005-Ohio-3674; State v. Buchanan, 154 Ohio App.3d 250, 2005-Ohio-4772.
 {¶ 15} Our review of the record indicates the following colloquy occurred between the trial court and Holloway:
 "Court: Now, your attorney said that the State's recommendation of an eight-year sentence was very important to you. Do you understand that that is the State's recommendation and it is not binding upon the court?
 "Defendant: Yes, your Honor.
 "Court: You understand that this court has full discretion to enter any sentence that the court deems necessary to protect the public?
 "Defendant: Yes, your Honor."[1]
 {¶ 16} The court then proceeded to explain the maximum sentence that Holloway was facing for each offense. Holloway responded that he understood the possible sentences that could be imposed.
 {¶ 17} Therefore, Holloway was fully apprised of the fact that the trial court was not bound by the State's recommendation and was also aware of the possible maximum term he faced on each count. Holloway cannot now argue that he relied on the recommended sentence in entering his plea. Accordingly, Holloway's second assigned error is overruled.
 {¶ 18} "III. Defendant was denied due process of law when the court based its sentencing on its own knowledge of uncharged conduct."
 {¶ 19} "V. Defendant was denied due process of law when the court based its sentence on findings not alleged in the indictment nor admitted by the defendant."
 {¶ 20} In his third and fifth assigned errors, Holloway contends that the trial court imposed its sentence based upon uncharged conduct. Specifically, Holloway contends that the trial court questioned him regarding the amount of drugs that were found, the street value of the drugs, the amount of cash found, how he obtained the drugs, and whether the individuals who wrote letters on his behalf were aware he was a drug dealer.
 {¶ 21} The presentence investigation report lists the amount of various drugs that were found in Holloway's home. Moreover, the remaining information was gained from the trial court's questioning of Holloway and not from the court's own personal knowledge. Therefore, unlike the cases cited to by Holloway, the trial court was not relying on information of which the defendant had no knowledge or notice, but on facts admitted to by the defendant. Accordingly, Holloway's third and fifth assigned errors are overruled.
 {¶ 22} "IV. Defendant was denied due process of law when the court failed to follow the statutory mandate in imposing sentence in this case."
 {¶ 23} Holloway contends in his fourth assigned error that the trial court failed to make the appropriate findings pursuant to R.C. 2929.14(E) in imposing a consecutive sentence. Our review of the record indicates that the trial court did make findings pursuant to R.C. 2929.13(E). However, in light of the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we must vacate and remand Holloway's sentence for resentencing.
 {¶ 24} In Foster, the Ohio Supreme Court held that judicial fact-finding to impose a consecutive sentence is unconstitutional in light of Blakely. The court also held that "after the severance, judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Foster, supra. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Id.; State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855.
 {¶ 25} In the instant case, the trial court made findings pursuant to R.C. 2929.14(E)(4) in sentencing appellant to a consecutive sentence. Because the trial court relied upon unconstitutional portions of the Revised Code in imposing appellant's sentence, this Court must vacate the sentence and remand the matter for resentencing in accordance withFoster See Foster, supra, at ¶ 103-106. Accordingly, Holloway's fourth assigned error is sustained.
 {¶ 26} "VI. Defendant was denied due process of law when the court did not properly inform defendant concerning the mandatory length of post-release control at sentencing."
 {¶ 27} Given our disposition of the fourth assigned error, this assigned error is moot. App. R. 12(A)(1)(c). Nonetheless, we conclude the trial court's misstatement of the length of post-release control as three years versus the mandatory five years, was harmless in light of the Supreme Court's recent decision of Watkins v. Collins, supra.
 {¶ 28} In Watkins, the court held that while the trial courts in the consolidated cases before it misstated the mandatory nature of the post-release control, the courts "did at least notify the petitioners that they could be subject to post-release control at their sentencing hearings." Id. at P46. The court held this, along with the fact the courts incorporated in their sentencing entries that the defendants were subject to post-release control, adequately afforded notice to a reasonable person that the courts were authorizing post-release control as part of each offender's sentence. In so holding, the court held, "[t]his conclusion is consistent with the preeminent purpose of R.C. 2967.28 — that offenders subject to post-release control know at sentencing that their liberty could continue to be restrained after serving their initial sentence."
 {¶ 29} In the instant case, the trial court informed Holloway about post-release control both at his plea and sentencing hearings. The court also incorporated an order for post-release control in its journal entry. Therefore, Holloway was informed that his liberty could be restrained after serving his sentence. Accordingly, Holloway's sixth assigned error is overruled. Judgment affirmed in part; sentence vacated and cause remanded for resentencing.
It is ordered that appellant and appellee share equally the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE
KENNETH A. ROCCO, J., and MELODY J. STEWART, J., CONCUR
[1] Tr. at 10-11. *Page 1