{¶ 1} Appellant, Alden Douglas, appeals his conviction for felonious assault. After a thorough review of the arguments, and for the reasons set forth below, we affirm.
 {¶ 2} Appellant was indicted in case number CR-449904 on two counts of felonious assault, in violation of R.C. 2903.11(A)(1) and (2), with a notice of prior *Page 3 
conviction and a repeat violent offender specification on each count. Both counts are felonies of the second degree. He was also indicted in case number CR-452746 on one count of attempted grand theft of a motor vehicle, a felony of the fifth degree.
 {¶ 3} On August 31, 2004, appellant pleaded guilty to all counts. On November 1, 2004, he moved to withdraw his guilty plea. The court denied his motion and sentenced him to four years at Lorain Correctional Institution.
 {¶ 4} On November 15, 2004, appellant appealed to this court. On February 9, 2005, we reversed his conviction, finding that the trial court failed to inform him of post-release consequences in accepting his plea. State v. Douglas, Cuyahoga App. Nos. 85525, 85526, 2006-Ohio-536.
 {¶ 5} On remand, plea discussions took place on May 11, 2006. At appellant's request, the court agreed to bifurcate the hearing on the notice of the prior conviction and the repeat violent offender specification.
 {¶ 6} A jury trial on the two felonious assault charges commenced on May 16, 2006. The state presented four witnesses: the victim, Grady Evans; a witness, Sheila Carlisle; and two police officers, Craig Schoffstall and Mark Schmitt. The defense presented no witnesses. At the close of the state's case-in-chief, the defense requested a jury instruction on the lesser offense of aggravated assault, which the trial court denied. Defense counsel objected to that ruling. The defense rested and made a Crim.R. 29 motion for acquittal, renewing that *Page 4 
motion at the close of evidence. On May 30, 2006, the jury returned a guilty verdict on both felonious assault counts.
 {¶ 7} On June 1, 2006, the court conducted a bench trial on the notice of the prior conviction and the repeat violent offender specification in the indictment. On the issue of physical harm, the state presented one witness, Officer Elliot Longley from the Bratenahl Police Department. The defense did not present witnesses. Longley testified regarding case number CR-368551, in which appellant was convicted of felonious assault. On or about September 15, 1998, Longley responded to a call regarding a stolen Chevy van. According to Longley, appellant engaged Cleveland and Bratenahl police in a high-speed chase where bystanders' cars crashed because appellant drove recklessly to avoid apprehension. After the chase, appellant drove his vehicle onto a dead-end street and crashed into a guardrail. From there, appellant fled on foot despite commands from the police to stop and surrender.
 {¶ 8} Longley testified that appellant scaled a barbed-wire fence and that he could see an object in appellant's hand, but was unable to determine what that object was. While following appellant over the fence, Longley punctured his hands and abdomen, causing physical harm. Longley then heard gunshots fired at him from the direction appellant had run. Longley testified that he believed appellant was shooting at him. *Page 5 
 {¶ 9} At the close of the state's case, the defense moved for acquittal under Crim.R. 29, arguing that appellant had not caused physical harm to a person, as required for conviction as a repeat violent offender. The court denied the motion. At the close of evidence, the defense renewed its motion under Crim.R. 29, citing lack of evidence that the defendant intended to cause injury. The court overruled the motion for acquittal and found the appellant guilty on the specification.
 {¶ 10} The hearing on case number CR-452746 commenced on June 1, 2006. Appellant withdrew his previous not guilty plea. After the court explained the rights being waived, the offenses charged, and the potential penalties and conditions of post-release control, appellant pleaded guilty to one count of attempted grand theft of a motor vehicle, a fifth degree felony.
 {¶ 11} The court imposed the following sentences in CR-449904: eight years on Count two, felonious assault with a deadly weapon; four years on the repeat violent offender specification. These terms were to run consecutive to each other and concurrently with a term of 12 months on the attempted grand theft of a motor vehicle conviction in CR-452746. Appellant then filed a timely notice of appeal on June 28, 2006.
 {¶ 12} The facts that gave rise to this case arose on February 20, 2004, at approximately 4:27 a.m. Members of the Cleveland Heights Police Department responded to the Cedar Road residence of Sheila Carlisle regarding a report of *Page 6 
an intruder in her home. Upon arrival, the officers found the victim, Grady Evans, bleeding from the side of his head. Evans told police he had been assaulted.
 {¶ 13} Evans testified that he was romantically involved with Carlisle, and later learned that appellant was also dating Carlisle. While Evans was visiting Carlisle that night, she talked with appellant four to six times on the phone. In one of the phone calls, Evans overheard Carlisle say to Douglas, "Grady s here. We ran out of wine, and we need a lot more raincoats [condoms], ha ha ha."
 {¶ 14} Police searched Carlisle's home and discovered that the power box supply switch had been turned off in the basement. Police also learned that appellant was a friend of the Carlisle family and lived in a home directly behind the Carlisle residence. Fresh footprints led to and from appellant's house to Carlisle's home. Appellant was arrested and gave a statement admitting culpability shortly afterward. According to appellant, he had an arrangement with Carlisle's family that they may enter each other's homes at any time.
 {¶ 15} Appellant also admitted that he entered the residence through an unlocked door, went into the basement, and turned off the electrical power to the house. He did this because he anticipated fighting with the victim and did not want Carlisle's children to witness the fight. Appellant also admitted that he used a rock to strike Evans in the head. *Page 7 
 {¶ 16} The attack left Evans with a severe head injury, which required extensive medical care, including stitches. His neck was noticeably swollen, he had a compression fracture, and a broken vertebrae. He was placed in intensive care until his condition stabilized, and he was then transferred to the Cleveland Clinic. It took him almost a year to fully recover.
 {¶ 17} Sheila Carlisle testified that she did not have a sexual relationship with Evans and did not know why he told others they were engaged. According to Carlisle, their relationship centered solely on the use of drugs. She testified that on the night of February 19, 2004, Evans came over to use drugs. She spoke to appellant on the phone a few times, teasing him and saying he could not come over.
 {¶ 18} Appellant brings this appeal, asserting two assignments of error.
 {¶ 19} "I. When the trial court convicted Mr. Douglas as a repeat violent offender without sufficient evidence that his acts resulted in `physical harm to a person,' it deprived him of his liberty without due process of law."
 {¶ 20} Appellant argues that by convicting him as a repeat violent offender without sufficient evidence that his acts resulted in physical harm, he was deprived of his liberty without due process of law. More specifically, he contends that the injuries sustained by Officer Longley were not caused by an act of violence and were not caused by him; therefore, he should not have been found to be a repeat violent offender. We find no merit in this argument. *Page 8 
 {¶ 21} Appellant was convicted of two counts of felonious assault, with repeat violent offender specifications. The underlying offense for the repeat violent offender specification was appellant's guilty plea and conviction for felonious assault, a felony of the second degree, in CR-368551. This court defined repeat violent offender in State v.Marinello, Cuyahoga App. Nos. 86028, 86113, 2006-Ohio-282:
 {¶ 22} "`Repeat violent offender' means a person about whom both of the following apply:
 {¶ 23} "(1) The person has been convicted of or has pleaded guilty to, and is sentenced for committing, for complicity in committing, or for an attempt to commit, aggravated murder, murder, involuntary manslaughter, a felony of the first degree other than one set forth in Chapter 2925 of the Revised Code, a felony of the first degree set forth in Chapter 2925 of the Revised Code that involved an attempt to cause serious physical harm to a person, or a felony of the second degree that involved an attempt to cause serious physical harm to a person or that resulted in serious physical harm to a person.
 {¶ 24} "(2) Either of the following applies:
 {¶ 25} "(a) The person previously was convicted of or pleaded guilty to, and previously served or, at the time of the offense was serving, a prison term, for any of the following: *Page 9 
 {¶ 26} "(i) Aggravated murder, murder, involuntary manslaughter, rape, felonious sexual penetration as it existed under section 2907.12 of the Revised Code prior to September 3, 1996, a felony of the first or second degree that resulted in the death of a person or in physical harm to a person, or complicity in or an attempt to commit any of those offenses;
 {¶ 27} "(ii) An offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to an offense listed under division (DD)(2)(a)(i) of this section and that resulted in the death of a person or in physical harm to a person."
 {¶ 28} It is clear that appellant's prior conviction for felonious assault forms the basis for the repeat violent offender conviction because the victim suffered physical harm as a result of the offense. Appellant argues that he did not directly cause the officer's injuries. We find no merit in this argument. The officer was injured in pursuit of appellant as he fled apprehension, which makes the injury a direct result of appellant's felonious assault offense. Under R.C.2901.01(A)(3), "`Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." Therefore, contrary to appellant's argument that the officer's injuries were minimal, the severity of the victim's injuries is irrelevant.
 {¶ 29} Accordingly, appellant's first assignment of error is overruled. *Page 10 
 {¶ 30} "II. When ample evidence suggested that Mr. Douglas committed his offense while in a fit of rage, the trial court erred in refusing to instruct the jury on the lesser offense of aggravated assault."
 {¶ 31} Appellant argues that the trial court erred in not instructing the jury on the lesser offense of aggravated assault. More specifically, he contends that because he was acting in a fit of rage when he attacked the victim, the jury should have been allowed to consider aggravated assault in addition to felonious assault. We find no merit in this contention.
 {¶ 32} When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case. State v.Wolons (1989), 44 Ohio St.3d 64, 68, 54 N.E.2d 443, 446. An abuse of discretion occurs when the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
 {¶ 33} The trial court's decision was not unreasonable, arbitrary, or unconscionable. Aggravated assault is an inferior degree of felonious assault. State v. Deem (1988), 40 Ohio St.3d 205, 211; 533 N.E.2d 294,299. The elements of both crimes are identical, except that aggravated assault has the mitigating element of serious provocation. Id. For provocation to be serious, it must be *Page 11 
"reasonably sufficient to bring on extreme stress" and to "incite or to arouse the defendant into using deadly force." Id.
 {¶ 34} The evidence would not have supported a conviction for the lesser offense because there was no serious provocation of appellant. While appellant argues that he was provoked by the thought of his girlfriend having sex and using drugs with the victim (whom he knew was Carlisle's drug supplier), we do not find that to be serious provocation that would have aroused the defendant to use deadly force. He calculatingly entered Carlisle's home and attacked Evans. He secretly entered the house, turned off the power, found a rock, and sneaked upstairs to assault Evans. In view of these facts, the trial court's decision was not arbitrary, unreasonable, or unconscionable. Accordingly, the trial court did not err in refusing to instruct the jury on the lesser offense, and appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
JAMES J. SWEENEY, J., and
 COLLEEN CONWAY COONEY, J., CONCUR *Page 1