JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On November 17, 2006, Appellant Delbert Harrison filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court inState v. Harrison, Cuyahoga App. No. 86925, 2006-Ohio-4119. In that opinion, we affirmed Harrison's convictions for rape, gross sexual imposition and kidnapping, but vacated his sentence and remanded for resentencing. On February 15, 2007, the State of Ohio, through the Cuyahoga County Prosecutor's office, filed a memorandum in opposition to appellant's application for reopening of appeal pursuant to App.R. 26(B). For the following reasons, we decline to reopen Harrison's appeal:
 {¶ 2} The doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata.[1] The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.[2]
 {¶ 3} Herein, Harrison possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. However, Harrison did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal *Page 4 
was taken.[3] We further find that applying the doctrine of res judicata to this matter would not be unjust. Accordingly, the principles of res judicata prevent further review.[4]
 {¶ 4} Notwithstanding the above, Harrison fails to establish that his appellate counsel was ineffective. "In State v. Reed, 74 Ohio St.3d 534,1996-Ohio-21, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal."[5]
 {¶ 5} Additionally, Strickland charges us to "appl[y] a heavy measure of deference to counsel's judgments," and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[6] *Page 5 
Moreover, we must bear in mind that counsel need not raise every possible issue in order to render constitutionally effective assistance.[7]
 {¶ 6} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues."[8] Additionally, appellate counsel is not required to argue assignments of error which are meritless.[9] After reviewing Harrison's application, we find that he has failed to demonstrate a "genuine issue as to whether he was deprived of the effective assistance of counsel on appeal" as required by App.R. 26(B)(5).
 {¶ 7} Nevertheless, a substantive review of the application to reopen fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel on appeal. In his first assignment of error, Harrison argues that he was denied due process of law when he was convicted *Page 6 
and sentenced as a sexually violent predator when the specification failed to allege the elements of that enhancement.
 {¶ 8} According to R.C. 2941.148, "the specification that the offender is a sexually violent predator shall be stated in substantially the following form: Specification * * *. The grand jury * * * further find and specify that the offender is a sexual violent predator." Since the specification that alleged that Harrison was a sexually violent predator mirrored the statutory language, we do not find that counsel was ineffective for failing to raise this issue. As stated above, counsel is not required to argue every conceivable issue to render effective assistance of counsel.[10]
 {¶ 9} Harrison also argues that he was denied due process of law when he was convicted of a sexually violent predator specification where the court used the present conviction to so find. R.C. 2971.01(H)(1) defines sexually violent predator as a person who, on or after January 1, 1997, commits a sexually violent offense and is likely to engage in the future of one or more sexually violent offenses. In this matter, it was stipulated that Harrison was previously convicted of a corruption of a minor offense which is a sexually oriented offense. See R.C. 2907.04; R.C. 2950.01(D)(1)(b)(I). Since Harrison was previously convicted of a sexually violent offense, we find no error with the trial court's finding that Harrison was a sexually violent predator.
 {¶ 10} Additionally, this court addressed this same issue in Harrison's direct appeal and found no error. In so doing this court stated that, " a `sexually violent *Page 7 
predator' means a person who has been convicted of or pleaded guilty to committing, on or after January 1, 1997, a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." R.C. 2971.01(H)(1). In determining whether an offender "is likely to engage in the future in one or more sexually violent offenses," the trier of fact may consider any of the factors listed under R.C. 2971.01(H)(2). Several of these factors were present in this case."
 {¶ 11} "In this case, Harrison had been convicted in two separate criminal actions of a sexually oriented offense or a child-victim oriented offense. See R.C. 2971.01(H)(2)(a). He was convicted in the instant case of raping a child. He also stipulated to having been convicted of a prior corruption of a minor offense, which is also a sexually oriented offense. R.C. 2907.04; R.C. 2950.01(D)(1)(b)(l)."
 {¶ 12} "There was also evidence indicating that Harrison chronically commits offenses with a sexual motivation. See R.C.2971.01(H)(2)(c). The testimony in this case was that Harrison subjected the victim to sexual acts on several occasions. There was also testimony that he committed sexual acts upon a three-year-old victim as well. Harrison argues that the trial court inappropriately referenced his involvement with this second victim, against whom he was not indicted. However, there was credible testimony provided about these acts that the court could consider in making its determination." *Page 8 
 {¶ 13} "Further, even without evidence relating to the three-year-old, we find sufficient evidence existed to support the trial court's determination. The trial court also considered that Harrison had a sexually oriented offense in his past."
 {¶ 14} "The trial court also considered that Harrison had threatened to kill the victim unless she complied. The court further noted that Harrison had a lengthy criminal history that included eight prior criminal offenses, one of which was sexually oriented, and that Harrison had spent 24 of his 48 years of life in the state penal institution. In the instant case, Harrison was convicted of two counts of rape, two counts of gross sexual imposition, and one count of kidnapping. SeeR.C. 2971.01(H)(2)(f). We find this evidence supported a determination that Harrison exhibited repetitive criminal behavior and was likely to engage in the future in one or more sexually violent offenses."
 {¶ 15} In his third assignment of error, Harrison argues that he was denied his right of confrontation and cross-examination when Lauren McAliley, a nurse practitioner, testified concerning her interview of the victim. However, a review of the record demonstrates that Harrison cannot establish prejudice since the victim in this matter testified and was subject to cross-examination.
 {¶ 16} In Harrison's last assignment of error, he argues that he was denied due process of law when he was sentenced to a term of life imprisonment in the absence of findings by the jury or indictment allegations. According to R.C. 2907.02(B), "* * * If the offender under division (A)(1)(b) of this section purposefully compels the victim to *Page 9 
submit by force or threat of force, or if the victim under division (A)(1)(b) of this section is less than ten years of age, whoever violates division (A)(1)(b) of this section shall be imprisoned for life.* * *"
 {¶ 17} In this matter, Harrison was charged with a violation of R.C.2907.02(A)(1)(b) of the rape of Jane Doe, bearing a date of birth of January 30, 1997. The indictment also stated that the offense allegedly occurred sometime from May 24, 2004 to June 23, 2004. While the jury only found that the victim was under thirteen years of age, the jury also found that Harrison used force or threat of force thereby subjecting him to life imprisonment.
 {¶ 18} Accordingly, Harrison's application to reopen is denied.
FRANK D. CELEBREZZE, JR., A.J., and MELODY J. STEWART, J., CONCUR
[1] State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204.
[2] State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
[3] State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994),70 Ohio St.3d 1408, 637 N.E.2d 6.
[4] State v. Borrero (Apr. 29, 1996), Cuyahoga App. No. 68289, reopening disallowed (Jan. 22, 1997), Motion No. 72559.
[5] State v. Spivey, 84 Ohio St.3d 24, 25, 1998-Ohio-704,701 N.E.2d 696.
[6] Strickland v. Washington (1984), 466 U.S. at 697, 104 S.Ct. 2052,80 L.Ed.2d 674.
[7] See Jones v. Barnes, (1983), 463 U.S. 745, 751, 103 S.Ct. 3308,77 L.Ed.2d 987; State v. Sanders (2002), 94 Ohio St.3d 150, 151-152,761 N.E.2d 18.
[8] Jones, supra.
[9] Jones, supra.
[10] Jones, supra. *Page 1