{¶ 1} In State v. Douglas, Cuyahoga County Court of Common Pleas Case No. CR-449904, applicant, Alden Douglas, was convicted of two counts of felonious assault under R.C. 2903.11, which are second degree felonies. This court affirmed that judgment in State v. Douglas, Cuyahoga App. No. 88367, 2007-Ohio-2625.
 {¶ 2} Douglas has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because: the trial court erroneously applied the repeat violent offender specifications; the trial court imposed five years rather than three years post-release control; the trial court erred in refusing a jury instruction on aggravated assault; the trial court erred in resentencing him to 12 years after this court vacated his original plea and four-year sentence; and the person who acted as both trial and appellate counsel was ineffective.
 {¶ 3} In State v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant for reopening. "In State v. Reed (1996), 74 Ohio St.3d 534,535, 660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that *Page 4 
there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Id. at 25.
 {¶ 4} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Douglas has met his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal," App.R. 26(B)(5), only with respect to the duration of post-release control.
 {¶ 5} In his second proposed assignment of error, Douglas notes that, although R.C. 2967.28(B)(2) authorizes post-release control for three years for a second-degree felony "that is not a felony sex offense," the sentencing entry issued by the trial court includes five years post-release control. The state has not responded to this proposed assignment of error.
 {¶ 6} This court on its own and in response to an assignment of error has modified or remanded for resentencing cases in which the trial court ordered five years post-release control for a second degree felony which is not a felony sex offense. See State v. Leonard, Cuyahoga App. No. 88299, 2007-Ohio-3745 (This court sua sponte modified the appellant's sentence from five years post-release control to three years.);State v. Seals, Cuyahoga App. No. 88047, 2007-Ohio-819 (This court sustained the appellant's challenge to the trial court's imposition of five-years post-release control for a second-degree felony when three years was authorized and remanded the case for resentencing.); State v.Pondexter, Cuyahoga App. No. 83576, 2004-Ohio-3869 (The appellant was sentenced to five years post-release *Page 5 
control for a second-degree felony for which three years was authorized. This court found plain error and remanded the case "for correction of the sentencing journal entry to properly reflect the correct mandatory post-release control." Id. at 1f17.) See also State ex rel. Cruzado v.Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263 (Respondent judge did not lack jurisdiction to correct a sentencing entry, in which the term of post-release control for a second-degree felony from five years to three years, before the term of the journalized sentence had expired.)
 {¶ 7} In Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082,857 N.E.2d 78, the Supreme Court considered the habeas corpus actions filed by several individuals who were returned to prison for violating post-release control. The petitioners argued that they were entitled to relief in habeas corpus because they did not receive adequate notice that post-release control was part of their sentences. Although the Supreme Court denied relief to the petitioners in Watkins because they "had sufficient notice that postrelease control could be imposed following the expiration of the person's sentence," the Watkins court also observed that "[a]ny challenge to the propriety of the sentencing court's imposition of postrelease control in the entries could have been raised on appeal." Id at ¶ 51.
 {¶ 8} In State v. Holloway, Cuyahoga App. Nos. 86426 and 86427,2007-Ohio-2221, the appellant contended that the trial court erred by inaccurately informing him of the duration of post-release control. This court concluded, however, that "the trial court's misstatement of the length of post-release control as three *Page 6 
years versus the mandatory five years, was harmless in light of the Supreme Court's recent decision of Watkins v. Collins, supra.
 {¶ 9} In Holloway, the trial court imposed a term of post-release control which was less than that required by the Revised Code. InWatkins, the trial court erroneously stated that the imposition of post-release control was discretionary. Yet, in this case, the trial court imposed a term of post-release control in excess of that authorized by the Revised Code. Likewise, in Leonard, Seals andPondexter, the respective trial courts had erroneously imposed five years post-release control where the Revised Code authorized only three years. Under the same fundamental circumstaces as those present in this case, therefore, this court has required or authorized correction of the record regarding the term of post-release control. We must, therefore, conclude that Douglas' counsel was ineffective and that Douglas was prejudiced because appellate counsel did not assign as error on direct appeal that the trial court imposed five years post-release control when R.C. 2967.28(B)(2) required three years post-release control. In addition to granting the application for reopening, we reinstate the appeal, vacate the sentence and remand this case for resentencing consistent with this opinion. Cf. State v. Street, Cuyahoga App. No. 85020, 2005-Ohio-1976, reopening granted, 2006-Ohio-21. For the reasons stated below, we find that the other assignments of error proposed by Douglas do not provide a basis for reopening.
 {¶ 10} Douglas' third proposed assignment of error regarding a jury instruction on aggravated assault is barred by res judicata. "The principles of res judicata may *Page 7 
be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967), 10 Ohio St.2d 175,22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 66,584 N.E.2d 1204." State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 11} In his direct appeal, appellate counsel for Douglas asserted that "the trial court erred in refusing to instruct the jury on the lesser offense of aggravated assault." State v. Douglas, Cuyahoga App. No. 88367, 2007-Ohio-2625, at T|30. This court overruled that assignment of error. As a consequence, we hold that res judicata bars Douglas' third proposed assignment of error asserting that appellate counsel was ineffective for failing to argue that the trial court erred by denying his request for a jury instruction on the lesser included offense of aggravated assault.
 {¶ 12} In his first proposed assignment of error, Douglas complains that the trial court improperly found that he is a repeat violent offender. The essence of Douglas' argument is that the facts which gave rise to his prior conviction for felonious assault do not provide a sufficient basis for finding that Douglas is a repeat violent offender. On direct appeal, however, appellate counsel's first assignment of error asserted: "When the trial court convicted Mr. Douglas as a repeat violent *Page 8 
offender without sufficient evidence that his acts resulted in `physical harm to a person,' it deprived him of his liberty without due process of law." Cuyahoga App. No. 88367, at ¶ 19, supra.
 {¶ 13} The circumstances which gave rise to the repeat violent offender specifications in the indictment in the underlying case arise out of State v. Douglas, Cuyahoga County Court of Common Pleas Case No. CR-368551. In Case No. CR-368551, Douglas pled guilty to felonious assault and receiving stolen property, a motor vehicle. In this case, the trial court conducted a bench trial on the repeat violent offender specifications. Bratenahl Police Officer Elliot Longley testified that, in responding to a stolen Chevy van call, Douglas "engaged Cleveland and Bratenahl police in a high-speed chase where bystanders' cars crashed because appellant drove recklessly to avoid apprehension. After the chase, appellant drove his vehicle onto a dead-end street and crashed into a guardrail. From there, appellant fled on foot despite commands from the police to stop and surrender." Cuyahoga App. No. 88367, at ¶ 7, supra. Longley followed Douglas over a barbed-wire fence and "Longley punctured his hands and abdomen, causing physical harm." Id. at ¶ 8. Res judicata bars Douglas' assertion that appellate counsel was ineffective for failing to argue that the trial court improperly found him guilty of the repeat violent offender specifications.
 {¶ 14} We also note that Douglas would not have prevailed on appeal if his appellate counsel had argued, as Douglas suggests, that the imposition of a *Page 9 
sentence based on a finding of guilt on the repeat violent offender specification was unconstitutional. "R.C. 2929.14(D)(2)(b) and (D)(3)(b) are capable of being severed. After the severance, judicial fact-finding is not required before imposition of additional penalties for repeat-violent-offender and major-drug-offender specifications. (United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, followed.)" State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, paragraph six of the syllabus. This court has recently considered the implication of paragraph six of theFoster syllabus. "We read this to mean that only the offending portion of R.C. 2929.14(D)(2)(b) is severed. Consequently, the imposition of an additional penalty for the repeat violent offender specification is constitutional." State v. Roberson, Cuyahoga App. No. 88338,2007-Ohio-2772, at T|10. Clearly, Douglas was not prejudiced by the failure of his appellate counsel to raise Douglas' first proposed assignment of error on direct appeal.
 {¶ 15} Prior to the trial which gave rise to Case No. 88367, Douglas initially pled guilty, moved to withdraw his guilty plea and appealed the denial of his motion to withdraw guilty plea. In State v.Douglas, Cuyahoga App. Nos. 85525 and 85526, 2006-Ohio-536, this court held that the trial court "completely failed to address the postrelease control issue as it pertained to the crime for which defendant was entering his plea," vacated the conviction and remanded the case. Id. at ¶ 9. The trial court originally imposed a four-year prison sentence. In his fourth proposed assignment of error, Douglas argues that the trial court imposed a 12-year sentence *Page 10 
on him because he had successfully appealed the denial of his motion to withdraw guilty plea.
 {¶ 16} The state observes that a different judge tried and sentenced Douglas after this court vacated his guilty plea. "A presumption of vindictiveness arises when the same judge resentences a defendant to a harsher sentence following a successful appeal. * * * However, that presumption does not apply when the resentencing judge is different than the original sentencing judge." State v. Chandler, Cuyahoga App. No. 83629, 2004-Ohio-2988, at ¶ 11 (citations deleted), quoted with approval in State v. Glover, Cuyahoga App. No. 88317, 2007-Ohio-2122, at ¶ 109. Even without the benefit of the presumption of vindictiveness, a defendant may demonstrate from the record that the new, harsher sentence is the result of judicial vindictiveness. Chandler, supra, at ¶ 14;Glover, supra, at ¶ 111. Douglas has not, however, relied on the record to support this assertion and to demonstrate that there is a genuine issue that his appellate counsel was ineffective with regard to this issue. Douglas' fourth proposed assignment of error does not, therefore, provide a basis for granting reopening.
 {¶ 17} In his fifth proposed assignment of error, Douglas complains that his counsel — who represented him both in the trial court and on appeal — was ineffective overall. Douglas specifically argues that counsel did not assign as error on appeal that trial counsel was ineffective. "[Applicant] concedes that his trial counsel and his appellate counsel were the same individual. Because an attorney *Page 12 
cannot be expected to argue his own incompetence during a trial, an appellate counsel who was also trial counsel is not ineffective for failing to argue the deficiencies of trial counsel." State v. Cruz
(Sept. 13, 2001), Cuyahoga App. No. 78475, reopening disallowed, 2002-Ohio-3238, Motion No. 34162, at ¶ 5. In this case, therefore, we cannot conclude that counsel was ineffective on appeal for failing to assign as error that he was an ineffective trial counsel.
 {¶ 18} Douglas also attempts to raise issues which counsel did not raise on appeal. His cursory reference to various aspects of the trial court proceedings does not establish that there is a genuine issue of the ineffectiveness of appellate counsel. "Additionally, [Strickland, supra] charges us to `appl[y] a heavy measure of deference to counsel's judgments,' and to Indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' (Citation deleted.) Moreover, we must bear in mind that counsel need not raise every possible issue in order to render constitutionally effective assistance. See Jones v. Barnes, (1983),463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987; State v. Sanders (2002),94 Ohio St.3d 150, 151-152, 2002-Ohio-350, 761 N.E.2d 18." State v.Harrison, Cuyahoga App. No. 86925, 2006-Ohio-4119, reopening disallowed,2007-Ohio-3642, at ¶ 5. Douglas' superficial arguments regarding the performance of appellate counsel are not sufficient to overcome the presumption in favor of the effectiveness of counsel. *Page 12 
 {¶ 19} In light of our disposition of the second proposed assignment of error, we grant the application for reopening, reinstate Douglas' appeal, vacate his sentence and remand this case for resentencing consistent with this opinion. Cf. Street, supra.
 {¶ 20} This cause is reinstated to the docket of this court and the sentence is vacated and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27, of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1