JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Alden Douglas, appeals from a judgment resentencing him to twelve years in prison. Finding no merit to the appeal, we affirm.
 {¶ 2} Douglas was originally indicted in February 2004 on two counts of felonious assault with notice of prior conviction and repeat violent offender specifications attached to both counts.[1] He pled guilty to one count of felonious assault with the prior conviction and repeat violent offender specifications. The other count was nolled.
 {¶ 3} Prior to sentencing, Douglas filed a pro se motion to withdraw his plea, which the trial court denied. The trial court then sentenced him to four years in prison and three years of postrelease control. Douglas appealed. See State v. Douglas, 8th Dist. Nos. 85525 and 85526,2006-Ohio-536 ("Douglas I"). This court vacated his guilty plea because the trial court "completely failed to address the postrelease control issue as it pertained to the crime for which [he] was entering his plea." Id. at _9.
 {¶ 4} Upon remand, Douglas's case proceeded to a jury trial on both counts of felonious assault. In May 2006, the jury returned guilty verdicts on both counts of felonious assault. State v. Douglas, 8th Dist. No. 88367, 2007-Ohio-2625, _6 ("Douglas II"). *Page 4 
 {¶ 5} The notice of prior conviction and repeat violent offender specifications were bifurcated and tried to the bench. Douglas stipulated to the prior conviction. The trial court found that this prior conviction involved physical harm to a person and found Douglas guilty of the repeat violent offender specifications. Id. at _9. It merged the two felonious assault convictions for purposes of sentencing, as well as the repeat violent offender specifications. It then sentenced Douglas to eight years on the felonious assault conviction and four years on the repeat violent offender specification, and imposed five years of postrelease control. Id. at _10. Douglas appealed his conviction and sentence to this court, which we affirmed in May 2007. Id.
 {¶ 6} Douglas then moved to reopen his appeal, raising several issues. This court granted his application regarding only one of his claims, i.e., that he received ineffective assistance of appellate counsel because the trial court erroneously imposed five years of postrelease control when three years was the maximum he could receive. We vacated his sentence and remanded for resentencing. See State v. Douglas, 8th Dist. No. 88367, 2007-Ohio-5941 ("Douglas III").
 {¶ 7} Upon remand, the trial court held a resentencing hearing and sentenced Douglas to the same prison term, namely, 12 years, but imposed the correct amount of postrelease control, which was three years. It is from this judgment that Douglas now appeals, raising the following eight assignments of error for our review.[2] *Page 5 
 {¶ 8} I. His conviction was against the manifest weight of the evidence.
 {¶ 9} II. He was denied due process of law because the trial court sentenced him to the maximum sentence.
 {¶ 10} III. The trial court erred when it sentenced him to more than the minimum sentence.
 {¶ 11} IV. He was denied effective assistance of counsel for not objecting to misconduct and for not dismissing on grounds of "inconsistent and concocted testimony."
 {¶ 12} V. The trial court erred when it enhanced his sentence.
 {¶ 13} "VI. The trial court erred when it sentenced him as a repeat violent offender.
 {¶ 14} VII. There was insufficient evidence to convict him.
 {¶ 15} VIII. He was denied ineffective assistance of appellate counsel.
 {¶ 16} Douglas's first and seventh assignments of error challenge his convictions for felonious assault after his jury trial in May 2006, which we upheld in Douglas II. Manifest weight and sufficiency arguments could have (and should have) been raised in Douglas II and are therefore barred by the doctrine of res judicata.
 {¶ 17} The doctrine of res judicata establishes that "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which *Page 6 
resulted in that judgment of conviction or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, 180; see, also,Ashe v. Swenson (1970), 397 U.S. 436, 442. The fact that the case was remanded to the trial court for resentencing did not implicate the finality of his convictions. As such, we reject without further consideration Douglas's first and seventh assignments of error.
 {¶ 18} In his fourth assignment of error, Douglas argues that he was denied effective assistance of trial counsel because his counsel did not object to misconduct and did not move to dismiss on grounds of "inconsistent and concocted testimony." Within this argument, Douglas also argues that his trial counsel was ineffective for not requesting an in camera inspection of the grand jury's testimony and for not objecting to the jury selection.[3]
 {¶ 19} Douglas already raised the issue of ineffective assistance of his trial counsel in his first application to reopen his appeal, arguing that his appellate counsel and trial counsel were "ineffective overall." See Douglas III at _17. "Once ineffective assistance of counsel has been raised and adjudicated, res judicata bars its relitigation." State v.Williams, 99 Ohio St.3d 179, 2003-Ohio-3079, at _10, quoting State v.Cheren, 73 Ohio St.3d 137, 138, 1995-Ohio-28. Thus, this claim is barred by res judicata.
 {¶ 20} Douglas's second, third, fifth, and sixth assignments of error challenge the sentence he received upon the second remand from this court. In his second *Page 7 
and third assignments of error, he argues that the trial court erred when it sentenced him to the maximum sentence and to a more-than-the-minimum sentence. In his fifth and sixth assignments of error, he maintains that the trial court erred by enhancing his sentence after it found that he was a repeat violent offender.[4]
 {¶ 21} As recently addressed by the Ohio Supreme Court in State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, we review felony sentences by applying a two-prong approach. See, also, State v. Redding, 8th Dist. No. 90864, 2008-Ohio-5739, _7; State v. Snyder, 8th Dist. No. 90869,2008-Ohio-5586, _9. First, the Kalish court declared that we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Kalish at _4. Second, "[i]f the first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 22} After reviewing the record, we find that Douglas's sentence is neither contrary to law nor an abuse of discretion.
 {¶ 23} It is well established that under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, a trial court is vested with full discretion to sentence a defendant to any *Page 8 
sentence allowable by law. Id. at paragraph seven of the syllabus. This is because the Ohio Supreme Court severed the offending provisions from the sentencing statutes, including the repeat violent offender enhancement provisions. See State v. Roberson, 8th Dist. No. 88338,2007-Ohio-2772, discretionary appeal not allowed by State v.Roberson, 115 Ohio St.3d 1475, 2007-Ohio-5735.
 {¶ 24} Here, the trial court merged the two felonious assault convictions and repeat violent offender specifications for purposes of sentencing. It then sentenced Douglas to the maximum sentence allowable for a second degree felonious assault, which is eight years, sentenced him to an additional four years for the repeat violent offender specification, and ordered that they run consecutive to one another, for a total of twelve years in prison. This sentence was permitted under R.C. 2929.14(A)(1) and 2929.14(D)(2) and, thus, not contrary to law. In fact, as the state aptly points out, the trial court could have sentenced Douglas to an additional six years as a repeat violent offender under R.C. 2929.14(D)(2).
 {¶ 25} Moreover, a review of the transcript shows that the trial court held a full resentencing hearing as required, and heard arguments from the prosecutor and defense counsel. In addition, Douglas addressed the court at length regarding his version of the events of the crime, programs he has completed while in prison, and his excuses for why he committed the crime. The trial court was gracious, listening to each of Douglas's concerns and even seemed genuinely sympathetic to Douglas's admitted drug addiction problems. The trial court then stated that it remembered the trial well. Specifically, the trial court recalled the serious physical *Page 9 
harm Douglas inflicted on the victim by hitting him in the head with a rock and recalled "seeing [pictures of] the blood smeared all over the house." The trial court then indicated that it considered all required factors under the law and found that prison was consistent with the purpose of R.C. 2929.11.
 {¶ 26} Accordingly, Douglas's second, third, fifth, and sixth assignments of error are overruled.
 {¶ 27} In his final assignment of error, Douglas appears to be raising an ineffective assistance of appellate counsel argument (although his specific arguments are again difficult to decipher).[5] Douglas possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. However, Douglas did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken. State v. Hicks (Oct. 28, 1982), 8th Dist. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408. Accordingly, this argument also fails under the doctrine of res judicata. State v.Tell, 8th Dist. No. 84790, 2006-Ohio-3834, _2.[6] *Page 10 
 {¶ 28} Having overruled each of Douglas's assignments of error, the judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and LARRY A. JONES, J., CONCUR
[1] A complaint against Douglas was originally filed in the Cleveland Heights Municipal Court for felonious assault and aggravated burglary. When it was bound over to the common pleas court, however, he was not charged with aggravated burglary.
[2] After Douglas filed this notice of appeal, he also filed another application to reopen his original appeal, which this court denied as untimely. See State v. Douglas, 8th Dist. Nos. 85525 and 85526,2008-Ohio-3133.
[3] We note that Douglas's arguments are short, undeveloped, and nonsensical. Nonetheless, we attempt here to decipher what he is trying to argue.
[4] Regarding Douglas's fifth and sixth assignments of error, we are again giving him the benefit of the doubt and assuming this is what he is attempting to argue. His brief is unclear as to what arguments he is actually raising.
[5] His actual assignment states: "Appellate counsel never supplied defendant with documents to file a proper brief, or, copies of motions that were filed as a bill of particulars, or in the alternative, order disclosure of the transcripts of all the grand jury testimony and grand jury minutes." This is also the extent of his argument. He does not add any further support of this argument.
[6] Douglas also raised general arguments regarding the overall effectiveness of his appellate counsel in his first application to reopen his appeal. See Douglas III. We found that his counsel was ineffective for not appealing the erroneous imposition of postrelease control, but not for any other reason. *Page 1