[Cite as *State v. Alhajjeh*, 2011-Ohio-2160.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 93077

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# MARWAN ALHAJJEH

### DEFENDANT-APPELLANT

## JUDGMENT:
APPLICATION FOR REOPENING
GRANTED (MOTION NO. 438002)
VACATED IN PART AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-512675

**BEFORE:** Celebrezze, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   May 4, 2011

**FOR APPELLANT**

Marwan Alhajjeh
Inmate No. 563-427
Richland Correctional Institution
1001 Olivesburg Road
P.O. Box 8107
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   T. Allan Regas
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1} On September 30, 2010, the applicant, Marwan Alhajjeh, pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, applied to reopen this court's judgment in *State of Ohio v. Marwan Alhajjeh*, Cuyahoga App. No. 93077, 2010-Ohio-3179, in which this court affirmed Alhajjeh's convictions and sentences for murder, felonious assault, and tampering with evidence.   Alhajjeh argues that his appellate counsel was ineffective for failing to assign as error that postrelease control sanctions were improperly imposed.   On October 29, 2010, the State of Ohio

filed its brief in opposition.   For the following reasons, this court grants the application to reopen, reinstates Alhajjeh's appeal, vacates his sentence as to postrelease control, and remands this case for resentencing on postrelease control consistent with this opinion.

{¶ 2}  In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.   That is, but for the unreasonable error, there is a reasonable probability that the results of the proceeding would have been different.   *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 ; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768; and *State v. Reed* (1996), 74 Ohio St.3d 534, 660 N.E.2d 456.

{¶ 3}  In the present case, Alhajjeh pleaded no contest and was found guilty of murder; felonious assault, a second-degree felony;  and tampering with evidence, a third-degree felony.   On March 23, 2009, the trial court sentenced Alhajjeh to 15 years to life on the murder charge; eight years on the felonious assault charge, which the trial court merged into the murder charge for sentencing; and five years on the tampering with evidence charge consecutive to the other two counts.   The trial court then ordered: " Postrelease control is part of this prison sentence for 5 years for the above

felony(s) under R.C. 2967.28. (No reduction) on Counts 2 and 3 only."[1] The trial court did not include in the sentence that if Alhajjeh violated any sanction imposed as part of postrelease control, then the parole board could impose a prison term of up to one-half of the stated prison term originally imposed upon him.

{¶ 4} R.C. 2967.28(B) and (C) provide in pertinent part: "a period of post-release control required by this division for an offender shall be one of the following periods: (1) For a felony of the first degree or for a felony sex offense, five years; (2) For a felony of the second degree that is not a felony sex offense, three years; (3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years. (C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years * * * if the parole board * * * determines that a period of post-release control is necessary for that offender."

{¶ 5} The imposition of five years of postrelease control for the second- and third-degree felonies was reversible error. In *State v. Douglas*, Cuyahoga App. No. 88367, 2007-Ohio-2625, reopening allowed

---

[1] Postrelease control does not apply to murder; rather, parole applies.

2007-Ohio-5941, this court granted an App.R. 26(B) application to reopen and then vacated the sentence and remanded for resentencing because the trial court had imposed five years of postrelease control for felonious assault, which is a second-degree felony that is not a sex offense. *State v. Wolford*, Cuyahoga App. No. 92607, 2010-Ohio-434, and *State v. Norris,* Cuyahoga App. No. 95485, 2001-Ohio-1251. Had appellate counsel raised this issue, this court would have vacated the postrelease control sentence and remanded for resentencing. This court further notes that in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, the Ohio Supreme Court ruled that informing the defendant-prisoner that a violation of postrelease control would allow the parole board to impose a prison term as part of his sentence up to one-half of the stated prison term originally imposed upon him is a necessary part of imposing postrelease control.

{¶ 6} Accordingly, this court grants the application to reopen, reinstates this appeal to the docket of this court, then vacates the sentence as to the imposition of postrelease control, and remands to the trial court for the proper imposition of postrelease control. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, and *State v. Street,* Cuyahoga App. No. 85020, 2005-Ohio-1976, reopening granted 2006-Ohio-21.

It is, therefore, ordered that appellant recover of the appellee his costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27, of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

KENNETH A. ROCCO, P.J., and
MELODY J. STEWART, J., CONCUR