JOURNAL ENTRY AND OPINION
{¶ 1} Wayne Owens appeals from his sentence after he pled guilty to two counts of aggravated arson. He claims that his guilty plea was not freely and voluntarily given, and that the court erred in failing to give him the minimum sentence and in failing to find that his sentence was consistent with that of similarly situated offenders. We reverse and remand.
 {¶ 2} The record reveals that on September 2, 2002, at approximately 2:00 a.m., Owens, desirous of retribution from an earlier altercation, went to a duplex on East 67th Street, which housed nineteen people. Although he admittedly knew that both adults and children were living in the home, he poured a large quantity of gasoline on the front porch. He was then witnessed throwing a bottle onto the porch which immediately ignited the gasoline. A passerby noticed the flames and began screaming, alerting the occupants and allowing them to escape. The families — consisting of six adults and thirteen children — were left homeless, and damages of over $25,000 were caused to the home.
 {¶ 3} Owens was indicted on twenty counts of aggravated arson in violation of R.C. 2909.02. The first count was a second degree felony, and all remaining counts were classified as first degree felonies. In February 2003, Owens pled guilty to count one, and pled guilty to count two, after it was amended to include the names of all nineteen victims. He was sentenced to two concurrent eight-year sentences, ordered to pay restitution, and sentenced to post-release control.
 {¶ 4} In August 2004, Owens sought leave to file a delayed appeal, which this Court granted. He now appeals in the assignments of error set forth in the appendix to this opinion.
 {¶ 5} In his first assignment of error, Owens contends that his plea was not knowingly, intelligently and voluntarily given because the court failed to advise him of post-release control.
 {¶ 6} Crim.R. 11(C) governs the acceptance of guilty or no contest pleas and states in pertinent part:
"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence."
 {¶ 7} R.C. 2943.032 outlines additional requirements regarding post-release control and states:
"Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the courtshall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
(A) The parole board may extend the stated prison term if the defendant commits any criminal offense under the law of this state or the United States while serving the prison term.
(B) Any such extension will be done administratively as part of the defendant's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation.
(C) All such extensions of the stated prison term for all violations during the course of the term may not exceed one-half of the term's duration.
(D) The sentence imposed for the felony automatically includes any such extension of the stated prison term by the parole board.
(E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months."
 {¶ 8} Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Under R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence. State v. Jordan, 104 Ohio St.3d 21, 28,2004-Ohio-6085, Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171. A trial court's lack of notification regarding post-release control during a plea hearing could in some instances form a basis to vacate a plea. Jordan,
supra. "If defendants are not informed of the maximum penalty when they plead guilty or no contest, their pleas are not knowing, intelligent, and voluntary." State v. Pendleton, Cuyahoga App. No. 84514, 2005-Ohio-3126. The rationale behind such a mandate is that without an adequate explanation of post-release control from the trial court, a defendant could not fully understand the consequences of his plea as required by Crim.R. 11(C). See, State v. Jones (May 24, 2001), Cuyahoga App. No. 77657. After reviewing the record, we find that the trial court correctly informed the appellant at the plea hearing that he would be subject to post-release control;[1] however, the court failed to inform the appellant of the consequences of violating post-release control, as required by R.C. 2943.032(E). Therefore, we conclude that the court's explanation of post-release control sanctions was inadequate and did not substantially comply with the court's responsibilities under Crim.R. 11(C)(2)(a). Accordingly, we sustain Owens' first assignment of error, vacate his guilty plea, and remand this case for further proceedings.
 {¶ 9} Based on this determination, Owens' remaining assignments of error are therefore rendered moot.
It is ordered that appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., And Rocco, J., Concur.
 APPENDIX ASSIGNMENTS OF ERROR:
 "I. MR. OWENS' CHANGE OF PLEA WAS NOT KNOWINGLY, INTELLIGENTLY ANDVOLUNTARILY MADE WHERE THE TRIAL COURT FAILED TO ADEQUATELY INFORM HIM OFPOST-RELEASE CONTROL SUPERVISION. (TR. 11-13)
 II. THE FACTS AND CIRCUMSTANCES OF THE INSTANT CASE DID NOT JUSTIFY ADEPARTURE FROM THE STATUTORILY PRESUMED SENTENCE.
 III. THE TRIAL COURT FAILED TO MAKE A FINDING THAT THE DEFENDANT'SSENTENCE IS CONSISTENT WITH SIMILARLY SITUATED OFFENDERS."
[1] Tr. at 11.