JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Alden Douglas, appeals the trial court's denial of his motions to withdraw guilty pleas in two separate cases. He also appeals the sentences imposed in those cases. This court consolidated the two appeals.
 {¶ 2} In Case No. 452746, defendant was indicted on one count of theft of a motor vehicle, a fifth degree felony. In Case No. 449904, he was indicted on one count of aggravated burglary[1] and one count of felonious assault, a second degree felony. The court held one plea hearing for both cases and defendant agreed to plead guilty to attempted theft of a motor vehicle and felonious assault with the notice of a prior conviction and the repeat violent offender specification. The aggravated burglary count was nolled.
 {¶ 3} Three weeks later, defendant filed a pro se motion to withdraw his pleas in both cases. A week after that, he made an oral motion for new counsel, which the court appointed a week later. A month after new counsel was appointed, the court held a hearing on defendant's motion to withdraw his pleas. After denying this motion, the court proceeded to sentence defendant to one year in the attempted theft of a motor vehicle case and four years in the felonious assault case. Defendant timely appealed, stating seven assignments of error. Because assignments of error one, two, four, and seven are dispositive of the case, we will discuss them together.[2] They state:
I. MR. DOUGLAS' CHANGE OF PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE WHERE THE TRIAL COURT FAILED TO INFORM HIM OF THE POTENTIAL OF POST-RELEASE CONTROL SUPERVISION.
II. MR. DOUGLAS' CHANGE OF PLEA IN CASE NO. 449904 WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE WHERE THE TRIAL COURT FAILED TO INFORM HIM OF THE POTENTIAL OF POST-RELEASE CONTROL SUPERVISION.
IV. IN CASE NO 449904, THE TRIAL COURT ERRED IN NOT PERMITTING MR. DOUGLAS TO WITHDRAW HIS PRIOR GUILTY PLEA PRIOR TO SENTENCING.
VII. THE TRIAL COURT ERRED IN NOT PERMITTING MR. DOUGLAS TO WITHDRAW HIS PRIOR GUILTY PLEA PRIOR TO SENTENCING.
 {¶ 4} Defendant states that his plea was not knowing, intelligent and voluntary because the trial court failed to inform him that he would be subject to postrelease control and the possibility of an additional six-month sentence for violating postrelease control.[3]
 {¶ 5} The state points out that defendant failed to raise the issue of postrelease control at the hearing on his motion to withdraw his plea. This court may, however, consider plain error, especially when it concerns a basic right. The state also argues that the trial court substantially complied with Crim.R. 11 at the plea hearing. In support of this claim, the state notes that defendant was being supervised under postrelease control for a previous offense at the time he entered his plea and the court informed him that additional sanctions in the current postrelease control might be imposed if he pleaded guilty. The state reasons, therefore, that defendant "understood these penalties and nonetheless pled guilty to the indictment." State's Brief at 4. Neither the Criminal Rule nor the statute provides, however, that defendant's presumed prior understanding of a sentence may substitute for the actual dialogue between the court and the defendant at the time the plea is made. More importantly, defendant was not informed at all that postrelease control would be a part of the sentence to the crimes for which he was entering a plea. The state's arguments are, therefore, unpersuasive.
 {¶ 6} At a plea hearing, the trial court must comply with the requirements of Crim.R. 11, which states in pertinent part:
(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea ofguilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea
voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. (Emphasis added.)
Crim.R. 11(C)(2)(a). The acceptance of a guilty plea is also controlled by R.C. 2943.032, which states:
Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
* * *
E) If the offender violates the conditions of a post-releasecontrol sanction imposed by the parole board upon the completionof the stated prison term, the parole board may impose upon theoffender a residential sanction that includes a new prison termup to nine months. (Emphasis added.)
R.C. 2943.032.
 {¶ 7} The statute requires the trial court to inform a defendant who is entering a guilty plea of all the above possible repercussions of the plea. The language of the statute, which uses the word "shall," is mandatory, not permissive. As this court recently held, "R.C. 2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding post-release control sanctions in a reasonably thorough manner. * * * `Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of post-release control from the trial court, appellant could not fully understand the consequences of his plea as required by Crim.R. 11(C).'" State v. Oko, Cuyahoga App. No. 85049, 2005-Ohio-3705
¶ 10, quoting State v. Griffin, Cuyahoga App. No. 83724 at 7,2004-Ohio-4344, citing State v. Jones (2001), Cuyahoga App. No. 77657, 2001 Ohio App. LEXIS 2330.
 {¶ 8} Both the civil rule and the statute require, therefore, that the defendant be informed of the maximum sentence to which he could be subject before a court is permitted to accept a guilty plea. This court has previously and consistently held: "If defendants are not informed of the maximum penalty when they plead guilty or no contest, their pleas are not knowing, intelligent, and voluntary." State v. Pendelton, Cuyahoga App. No. 84514, 2005-Ohio-3126 ¶ 6. See also State v. Owens,
Cuyahoga App. No. 84987, 2005-Ohio-3570; State v. Evans,
Cuyahoga App. Nos. 84966 86219. This maximum sentence includes any postrelease control that defendant may be subject to. Id.
 {¶ 9} In the case at bar, the court completely failed to address the postrelease control issue as it pertained to the crime for which defendant was entering his plea. It never mentioned that the crimes were subject to postrelease control. It never informed defendant what the terms of the postrelease control would be: that the felonious assault included a mandatory three-year term of postrelease control and the theft also entailed a potential three years of postrelease control. The court never informed defendant of the ramifications of a violation of postrelease control. A review of the record shows, and the state does not deny, that the trial court failed at his plea hearing to inform defendant of the mandatory postrelease control for the felonious assault charge and the possibility of such control for the theft charge. Accordingly, this assignment of error is sustained.[4] The defendant's conviction is vacated and the case remanded for proceedings consistent with this opinion.
This cause is vacated and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Gallagher, J., concur.
[1] At the plea hearing, the state erroneously stated that defendant had been indicted on two counts of felonious assault. The indictment, however, reflects that one count was for aggravated burglary.
[2] We note that defendant's fifth assignment of error has a separate addition that reads: "Arthur Velasquez has been deprived of his liberty without due process of law and his constitutional right to a trial by jury by the maximum sentence imposed on him, for the reason that the jury did not find the facts which supported the imposition of a maximum sentence.} [sic]" There is nothing in the record to reflect that any "Arthur Velasquez" was a party to this case. We assume this is a word processing remnant.
[3] Postrelease control is mandatory for certain felonies and optional, at the discretion of the parole board, for others. R.C.2967.28 states in pertinent part:
(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include arequirement that the offender be subject to a period ofpost-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:
(1) For a felony of the first degree or for a felony sex offense, five years;
(2) For a felony of the second degree that is not a felony sex offense, three years;
(3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years.
(C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that theoffender be subject to a period of post-release control of up tothree years after the offender's release from imprisonment, ifthe parole board, in accordance with division (D) of this section, determines that a period of post-release control isnecessary for that offender. (Emphasis added.)
[4] Because we have vacated the conviction, defendant's assignments of error concerning his sentences are moot. They state:
III. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM AVAILABLE TERM OF INCARCERATION WITHOUT MAKING THE REQUIRED FACTUAL FINDING. V. THE APPELLANT HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW AND HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY BY THE MAXIMUM SENTENCE IMPOSED ON HIM, FOR THE REASON THAT THE JURY DID NOT FIND THE FACTS WHICH SUPPORTED THE IMPOSITION OF A MAXIMUM SENTENCE.
VI. IN CASE NO. 449904, THE TRIAL COURT ERRED IN SENTENCING MR. DOUGLAS TO A TERM OF INCARCERATION BEYOND THE MINIMUM WHERE MR. DOUGLAS DID NOT ADMIT TO SERVING A PRIOR TERM OF INCARCERATION AND THE FACT WAS NOT FOUND BEYOND A REASONABLE DOUBT BY A JURY.