JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Alden Douglas has filed an application for reopening pursuant to App.R. 26(B). Douglas is attempting to reopen the appellate judgment that was rendered by this court in State v. Douglas, Cuyahoga App. Nos. 85525 and 85526, 2006-Ohio-536. For the following reasons, we decline to reopen Douglas' appeal.
 {¶ 2} Initially, we find that Douglas has failed to timely file his application for reopening. App.R. 26(B)(2)(b) requires that Douglas establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Ohio Supreme Court, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has recently established that:
 {¶ 3} "We now reject Gumm's claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before Gumm's appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today.Consistent enforcement of the rule's deadline by the appellate courts inOhio protects on the one hand the state's legitimate interest in thefinality of its judgments and ensures on the other hand that any claimsof ineffective assistance of appellate counsel are promptly examined andresolved. *Page 4 
 {¶ 4} "Ohio and other states `may erect reasonable proceduralrequirements for triggering the right to an adjudication,' Logan v.Zimmerman Brush Co. (1982), 455 U.S. 422, 437, 102 S.Ct 1148,71 L.Ed 2d 265, and that is what Ohio has done by creating a 90-day deadline forthe filing of applications to reopen. Gumm could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * The 90-day requirement in therule is "applicable to all appellants," State v. Winstead (1996),74 Ohio St.3d 277, 278, 658 N.E.2d 722, and Gumm offers no sound reason whyhe-unlike so many other Ohio criminal defendants — could not comply withthat fundamental aspect of the rule. (Emphasis added.)"
 {¶ 5} State v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755,814 N.E.2d 861, at ¶ 7.
 {¶ 6} See, also, State v. LaMar, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; State v. Cooey, 73 Ohio St.3d 411, 1995-Ohio-328,653 N.E.2d 252; State v. Reddick, 72 Ohio St.3d 88, 1995-Ohio-249,647 N.E.2d 784.
 {¶ 7} Herein, Douglas is attempting to reopen the judgment that was journalized on February 21, 2006. The application for reopening was not filed until March 26, 2008, more than 90 days after journalization of the appellate judgment that was rendered in State v. Douglas, supra. Douglas has failed to establish "a *Page 5 
showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994),69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v.Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317. See, also, State v. Gaston, Cuyahoga App. No. 79626, 2007-Ohio-155;State v. Torres, Cuyahoga App. No. 86530, 2007-Ohio-9.
 {¶ 8} In addition, we note that Douglas' attempt to reopen the appellate judgment, as rendered by this court in State v. Douglas, supra, constitutes a vain act. This court, in State v. Douglas, supra, has already vacated Douglas' conviction and sentence, and remanded the case to the trial court for further proceedings.
 {¶ 9} It must also be noted that Douglas, after remand, did not file any appeal following his second plea of guilty and the trial court's second imposition of sentence. No appellate judgment, which reviewed Douglas' second plea of guilty and sentence of incarceration, has been announced and journalized by this court. Thus, we are prevented from considering Douglas' application for reopening as brought pursuant to App.R. 26(B). State v. Skaggs (May 12, 1999), Cuyahoga App. No. 76301, reopening disallowed (Sept. 21, 1999), Motion No. 7505. See, also,State v. Loomer (1996), 76 Ohio St.3d 398; State v. Halliwell (Jan. 29, 1999), Cuyahoga App. No. 70369, reopening disallowed (Jan. 29, 1999), Motion No. 00187; *Page 6 State v. Fields (Feb. 29, 1996), Cuyahoga App. No. 68906, reopening disallowed (Sept. 5, 1997), Motion No. 84867; State v. Williams (Oct. 31, 1996), Cuyahoga App. No. 69936, reopening disallowed (May 7, 1997), Motion No. 82993.
 {¶ 10} Accordingly, we deny the application for reopening.
 ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1