[Cite as *State v. Jones*, 2011-Ohio-1202.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

CHRISTOPHER MONTEZ JONES

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Julie A. Edwards, J.
Hon. Patricia A. Delaney, J.

Case Nos. 10CA75, 10CA76,
and 10CA77

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Richland County Court of Common Pleas, Case Nos. 04CR207, 04CR267, and 04CR881 |
| JUDGMENT: | 10CA75 - Reversed and Remanded<br>10CA76 - Reversed and Remanded<br>10CA77 - Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | March 11, 2011 |

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

JAMES J. MAYER, JR.
PROSECUTING ATTORNEY
RICHLAND COUNTY, OHIO

By: KIRSTEN L. PSCHOLKA-GARTNER
Assistant Richland County Prosecutor
38 South Park Street
Mansfield, Ohio 44902

CHRISTOPHER MONTEZ JONES,PRO SE
c/o Richland Correctional Institution
Inmate No. 554-805
P.O. Box 8107
Mansfield, Ohio 44901-8107

*Hoffman, P.J.*

{¶1}   Defendant-appellant Christopher Montez Jones appeals his conviction and sentence entered by the Richland County Court of Common Pleas in three separate case numbers: 2004CR0207, 2004CR0267, and 2004CR0881.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

{¶2}   Appellant was convicted in three separate case numbers in the Richland County Court of Common Pleas after entering pleas of guilty to the charges therein.  In Case No. 2004CR0207, Appellant entered a plea of guilty to one count of forgery, a fifth degree felony, in violation of R.C. Section 2913.31(A)(3).  In Case No. 2004CR0267, Appellant entered a plea of guilty to one count of grand theft of a motor vehicle, a fourth degree felony, in violation of R.C. 2913.02(A)(1); one count of forgery, a fourth degree felony, in violation of R.C. 2913.31(A)(2); and one count of identity fraud, a third degree felony, in violation of R.C. 2913.49(B)(2).  In Case No. 2004CR0881, Appellant entered a plea of guilty to one count of theft by deception, a fifth degree felony, in violation of R.C. 2913.02(A)(3).

{¶3}   Upon journalization of Appellant's sentences in the above cases, the trial court failed to properly memorialize the manner of conviction, that being Appellant's entering a plea of guilty to the charges.

{¶4}   On May 21, 2010, Appellant moved the trial court to revise/correct his sentencing entries to comply with Criminal Rule 32(C) and *State v. Baker,* (2008), 119 Ohio St.3d 197, 2008-Ohio-3330 to include the manner of conviction.

---

[1] A rendition of the facts is unnecessary for our resolution of these appeals.

{¶5} On June 2, 2010, the trial court granted Appellant's motion and issued amended sentencing entries to comply with Criminal Rule 32(C) and the Supreme Court's holding in *Baker*.

{¶6} On June 17, 2010, Appellant filed a notice of appeal from the June 2, 2010 resentencing entries, assigning as error:

{¶7} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DID NOT INFORM MR. JONES AT ALL OF POST-RELEASE CONTROL DURING THE PLEA HEARING PRIOR TO ACCEPTING HIS PLEAS, THEREBY FAILING TO SUBSTANTIALLY COMPLY WITH THE MAXIMUM PENALTY-COMPONENT OF CRIM.R. 11(C)(2)(A).

{¶8} "II. MR. JONES WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

I.

{¶9} As set forth in the Statement of the Case, above, the trial court granted Appellant's motion to revise/correct the sentencing entries finding the trial court's previous sentencing entries did not comply with Criminal Rule 32(C) and the Ohio Supreme Court's decision in *State v. Baker* (2008), 119 Ohio St.3d 197, 2008-Ohio-3330. The Court in *Baker* held in the syllabus,

{¶10} "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. (Crim.R.32(C), explained.)"

**{¶11}** Accordingly, Appellant's sentencing entries were not final and appealable until June 2, 2010 when the trial court corrected the entries to comply with Criminal Rule 32. Therefore, Appellant's direct appeal is timely and properly before this Court.

**{¶12}** In his first assignment of error, Appellant maintains the trial court erred in failing to inform him of a term of post-release control during the plea hearing prior to accepting his plea; thereby, failing to comply with Criminal Rule 11 (C)(2).

**{¶13}** In *State v. Sarkozy,* (2008), 117 Ohio St.3d 86, the Ohio Supreme Court held,

**{¶14}** "Accordingly, we hold that if a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal. Further, we hold that if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11 and the reviewing court must vacate the plea and remand the cause."

**{¶15}** In *State v. Holmes*, Licking App. No. 09 CA 70, 2010-Ohio-428, this Court held:

**{¶16}** "Appellant herein maintains that the trial court's notification, following appellant's plea, that he would be placed on three years of PRC was insufficient in light of *State v. Sarkozy,* 117 Ohio St.3d 86, 881 N.E.2d 1224, 2008-Ohio-509. In *Sarkozy,* the Ohio Supreme Court held: 'If the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the

court fails to comply with Crim.R. 11 and the reviewing court must vacate the plea and remand the cause.' *Id.* at paragraph two of the syllabus.

**{¶17}** "Crim.R. 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to such defendant, and makes clear that the trial court shall not accept a plea of guilty or no contest without performing these duties. As such, the PRC notification must be made prior to the court's acceptance of the plea. See *Sarkozy* at ¶ 11, ¶ 25, 881 N.E.2d 1224. Moreover, '[e]ven if post-release control is discretionary, a defendant must be informed of the possibility of post-release control before a court may accept his plea.' *State v. Souris,* Summit App.No. 24550, 2009-Ohio-3562, ¶ 7.

**{¶18}** "***

**{¶19}** "Because this case represents a complete absence of PRC colloquy prior to the court's acceptance of the plea, [footnote omitted] we find a lack of substantial compliance with Crim.R. 11(C) and a demonstration of prejudicial error under *Sarkozy* and its progeny."

**{¶20}** In the case sub judice, the trial court was required to inform Appellant of the possibility of any mandatory or discretionary terms of post-release control as part of the maximum penalty involved in order to satisfy Criminal Rule 11(C)(2)(a).  Therefore, in order for Appellant to knowingly, intelligently and voluntarily enter a plea, the trial court was required to inform Appellant a post-release control sanction was a possibility for the offenses to which he was pleading before the trial court accepted his plea.  *State v. Douglas* 2006-Ohio-536.

**{¶21}** The trial court did not inform Appellant of the possibility of post-release control prior to accepting his plea; therefore, Appellant's plea was not made knowingly, intelligently and voluntarily.

**{¶22}** Appellant's assigned error is sustained.  Appellant's convictions and sentences are reversed and the cases are remanded to the trial court for further proceedings in accordance with the law and this opinion.

II.

**{¶23}** In the second assignment of error, Appellant asserts he was denied the effective assistance of counsel as his trial counsel failed to ensure he was aware of and understood the maximum penalty also included post-release control prior to his entering his pleas.

**{¶24}** Based upon our analysis and disposition of Appellant's first assignment of error, we find Appellant's second assignment of error moot.

By: Hoffman, P.J.

Edwards, J.  and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHRISTOPHER MONTEZ JONES | : | |
| | : | |
| Defendant-Appellant | : | Case Nos. 10CA75 |

For the reason stated in our accompanying Opinion, the judgment of the Richland County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs to Appellee.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHRISTOPHER MONTEZ JONES | : | |
| | : | |
| Defendant-Appellant | : | Case Nos. 10CA76 |

For the reason stated in our accompanying Opinion, the judgment of the Richland County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs to Appellee.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
CHRISTOPHER MONTEZ JONES               :
                                       :
    Defendant-Appellant            :        Case Nos. 10CA77


For the reason stated in our accompanying Opinion, the judgment of the

Richland County Court of Common Pleas is reversed, and the matter remanded to the

trial court for further proceedings in accordance with the law and this opinion.  Costs to

Appellee.


s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY