JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In State v. Benson, Cuyahoga County Court of Common Pleas Case No. CR-465675, applicant was convicted of murder with a firearm specification. This court affirmed that judgment in State v.Benson, Cuyahoga App. No. 87655, 2007-Ohio-830. The Supreme Court of Ohio denied Benson's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. State v.Benson, 114 Ohio St.3d 1510, 2007-Ohio-4285, 872 N.E.2d 952.
 {¶ 2} Benson has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error that trial counsel was ineffective for: failing to move for dismissal of a juror or for mistrial due to juror misconduct during deliberations; forcing appellant to defend himself against charges of felony murder not brought by the grand jury; and failing to object to prosecutorial misconduct. We deny the application for reopening. As required by App. R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App. R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App. R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming applicant's conviction was journalized on March 19, 2007. The application was filed on July 31, 2008, clearly in excess of the ninety-day limit. *Page 4 
 {¶ 5} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App. R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Benson failed to demonstrate good cause for failing to file a timely application.
 {¶ 6} Benson states in his memorandum in support of his application for reopening that, due to budget cutbacks "several of the institutions [sic] normal operations have been stopped and/or closed for reasons of staff shortage, which includes the institutions [sic] legal law library, preventing this appellant from timely filing his application." Application for Reopening, at 1. Benson's statement does not, however, provide a basis for concluding that he has demonstrated good cause for the untimely filing of his application. Rather, "it is well-established that limited access to legal materials or a library does not constitute good cause for the late filing of an application for reopening.State v. Steams (Feb. 14, 2002), Cuyahoga App. No. 76513, at 4 (citations deleted)." State v. Quiles, Cuyahoga App. No. 84293, 2005-Ohio-388, reopening disallowed, 2006-Ohio-___, at 3 [Motion No. 372157, dated May 24, 2006], cited in State v. DeMars (Mar. 18, 1993), Cuyahoga App. No. 62148, reopening disallowed, 2006-Ohio-3833, Motion No. 385801, at ¶ 6.
 {¶ 7} Benson's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: State v.Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed2005-Ohio-5797, Motion No. 370333; State v. Garcia (July 8, *Page 5 
1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916. As a consequence, applicant has not met the standard for reopening.
 {¶ 8} Accordingly, the application for reopening is denied.
 JAMES J. SWEENEY, A.J., AND SEAN C. GALLAGHER, J., CONCUR. *Page 1