[Cite as *State v. Crain*, 2011-Ohio-1924.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 95012, 95013, 95014, and 95015**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHRISTOPHER CRAIN

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-522284, CR-528311, CR-529763, and CR-532481,

**BEFORE:** Kilbane, A.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** April 21, 2011

ATTORNEY FOR APPELLANT

Timothy F. Sweeney
Law Office - Timothy Farrell Sweeney
The 820 Building, Suite 430
920 West Superior Avenue
Cleveland, Ohio 44113

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
Diane Russell
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} In this consolidated appeal, defendant-appellant, Christopher Crain ("Crain"), appeals his guilty pleas and sentences in four criminal cases. Finding no merit to the appeal, we affirm.

{¶ 2} In CR-522284, Crain was charged with two counts of drug trafficking, which carried a schoolyard specification, drug possession, and possessing criminal tools. In CR-528311, Crain was charged with theft;

aggravated theft. In CR-529763, Crain was charged with having a weapon while under disability, carrying a concealed weapon, and improperly handling a firearm in a motor vehicle.[1] In CR-532481, Crain was charged with two counts of robbery.

{¶ 3} In March 2010, Crain entered into a plea agreement on all four cases. Pursuant to the agreement, in CR-522284 he pled guilty to one count of drug trafficking, with the schoolyard specification attached. In CR-528311, he pled guilty to aggravated theft. In CR-529763, he pled guilty to having a weapon while under disability, with the forfeiture specification attached; and in CR-532481, he pled guilty to one count of robbery. All remaining counts were nolled in each case. The trial court sentenced him to two years in prison in CR-522284, one year in prison in CR-528311, two years in prison in CR-529763, and two years in prison in CR-532481. The court ordered that these sentences be served consecutively for an aggregate of seven years in prison.

{¶ 4} Crain now appeals, raising two assignments of error for review.

ASSIGNMENT OF ERROR ONE

**"Crain's guilty pleas in all four cases were not made knowingly, voluntarily and intelligently, and, as a result, the court's acceptance of the pleas was in violation of Crain's constitutional rights and [Crim.R. 11]."**

---

[1]Each count carried a forfeiture of a weapon specification.

**{¶ 5}** Crain argues that the trial court did not comply with Crim.R. 11 when it failed to adequately inform him that he was waiving his right to a trial by jury. He further argues that the trial court failed to ensure that he understood the nature of the charges against him and the extent of the penalties he faced. As a result, Crain claims that his pleas were not knowingly, voluntarily, and intelligently made.

**{¶ 6}** In order for a plea to be made knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11, which provides that the court must address the defendant personally and do all of the following:

> **"(a) [Determine] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**
>
> **"(b) [Inform] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**
>
> **"(c) [Inform] the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Id. at (C)(2).**

**{¶ 7}** The duties of the trial court under Crim.R. 11 have been distinguished as constitutional and nonconstitutional rights. *State v. Parks*,

Cuyahoga App. No. 86312, 2006-Ohio-1352, ¶6, citing *State v. Higgs* (1997), 123 Ohio App.3d 400, 704 N.E.2d 308.

{¶ 8} The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. See *State v. Nero* (1990), 56 Ohio St.3d 106, 107-108, 564 N.E.2d 474, citing *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274. Failure to strictly comply with these constitutional requirements renders the plea "constitutionally infirm." *State v. Ballard* (1981), 66 Ohio St.2d 473, 479, 423 N.E.2d 115. See, also, *State v. Stewart* (1977), 51 Ohio St.2d 86, 88-89, 364 N.E.2d 1163. "Strict compliance" does not require a rote recitation of the exact language of the rule. Rather, we focus on whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." *Ballard* at paragraph two of the syllabus.

{¶ 9} Under the broader standard for the nonconstitutional rights, the reviewing court must consider whether the trial court substantially complied with Crim.R. 11(C)(2)(a) and (b). *Nero* at 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id., citing *Stewart*.

{¶ 10} In the instant case, a review of the record reveals that the trial court complied with Crim.R. 11. The trial court first stated that it was "required to ask [Crain] certain questions to make sure [he] understands the

Constitutional rights that [he] would in fact be giving up." The court then established that Crain was a citizen, he attended both high school and some college, and he was not under the influence of alcohol, medication, or drugs.

{¶ 11} With respect to the right to a jury trial, the court advised that "[t]he State * * * must prove beyond a reasonable doubt each and every element of the crimes charged against you, and they have to do this by proof beyond a reasonable doubt, and they have to do this unanimously to a jury of 12 or a judge if you waive a jury." The court further advised Crain of the charges and the minimum and maximum sentence for each charge in all four cases. The court also asked Crain if he understood each right required under Crim.R. 11. Each time, Crain responded "yes."

{¶ 12} Based on the foregoing, we find that Crain's pleas were knowingly, intelligently, and voluntarily made.

{¶ 13} Accordingly, the first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

**"Crain was denied due process of law when the trial court failed to follow the statutory guidelines and otherwise comply with applicable law in imposing more-than-minimum and consecutive sentences."**

{¶ 14} The Ohio Supreme Court has set forth the applicable standard of appellate review of a felony sentence in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4:

**"In applying [*State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470,] to the existing statutes,**

**appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."**[2]

{¶ 15} Crain argues that the trial court's imposition of more than the minimum sentence on each count and the imposition of consecutive sentences was contrary to law and violated his due process rights because the trial court failed to make requisite findings required by R.C. 2929.14(E)(4) and 2929.41(A).

{¶ 16} However, Ohio courts have not been required to make these statutory findings since they were severed from Ohio's sentencing statutes in *Foster*.[3] As the *Kalish* court noted, post-*Foster*, "trial courts **'have full discretion to impose a prison sentence** within the statutory range and are **no longer required to make findings or give reasons** for imposing maximum, consecutive or more than the minimum sentences.'" (Emphasis in

---

[2]We recognize *Kalish* is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances.

[3]Crain relies on the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, arguing that *Ice* demonstrates that Ohio's consecutive sentencing statutes do not violate the Sixth Amendment. However, in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Ohio Supreme Court recently addressed this argument and determined that *Ice* does not revive these sentencing statutes and that "[t]rial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." Id. at paragraphs two and three of the syllabus.

the original.) Id. at ¶11, citing *Foster*. In the instant case, Crain's seven-year sentence is within the permissible statutory range for his convictions.

{¶ 17} Crain also argues that his sentence is inconsistent with sentences imposed for similar crimes committed by similar offenders. He claims the trial court demonstrated this when it compared him to another defendant at his sentencing hearing, whose charges were more serious than his charges.

{¶ 18} At the hearing, Crain blamed his actions on his drug addiction. The trial court noted Crain was the second person it sentenced that morning who blamed his actions on drug abuse. The court further noted that this defendant had a similar number of cases and similar charges. Although this defendant's case is not part of the record before us, both parties state that this defendant received six years in prison on three cases.

{¶ 19} We note that "[c]onsistency in sentencing is achieved by weighing the sentencing factors." *State v. Dowell*, Cuyahoga App. No. 88864, 2007-Ohio-5534, ¶8, citing *State v. Georgakopoulos*, Cuyahoga App. No. 81934, 2003-Ohio-4341. As an appellate court, we are not required to decide whether the lower court "'imposed a sentence in lockstep with others, but whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although the offense[s] may be similar, distinguishing factors may justify dissimilar treatment.'" *State v. Rabel*, Cuyahoga App.

No. 91280, 2009-Ohio-350, ¶15, quoting *State v. Dawson*, Cuyahoga App. No. 86417, 2006-Ohio-1083.

{¶ 20} In the instant case, there is nothing in the record to demonstrate that Crain's sentence is "outside the mainstream of local judicial practice." Their sentences are not vastly different and the court's consistency is apparent — this defendant received six years in prison on three cases and Crain received seven years on four cases. Since Crain was sentenced within the statutory range and has failed to demonstrate how his sentence violated Ohio's sentencing statutes, we do not find that it was contrary to law.

{¶ 21} Having satisfied step one, we next consider whether the trial court abused its discretion. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151 404 N.E.2d 144.

{¶ 22} We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary or unconscionable. The trial court explained the reasons for the sentence it imposed, including a review of the record, the statements made at the sentencing hearing, the presentence report, and "the number of cases [Crain] had in [its] courtroom [.]" The trial court also expressly stated that it had considered all the purposes and principles of R.C. 2929.11, as well as the factors in R.C. 2929.12. Furthermore, Crain faced a possible sentence of sixteen years in prison, but

was sentenced to seven, with credit for time served.  Therefore, we do not find that the trial court abused its discretion when it sentenced Crain to seven years in prison.

**{¶ 23}** Accordingly, the second assignment of error is overruled.

Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's appeal having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR