[Cite as *State v. Chapman*, 2011-Ohio-4829.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No. 96629

## STATE OF OHIO

### PLAINTIFF-APPELLEE

### vs.

## WILLIS CHAPMAN

### DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-509099
Application for Reopening
Motion No. 446918

**RELEASE DATE:** September 20, 2011

**FOR APPELLANT**

Willis Chapman, pro se
Inmate No. 560-490
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901


**ATTORNEY FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


KENNETH A. ROCCO, J.:

{¶ 1}  On August 15, 2011, the applicant, Willis Chapman, pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 62 Ohio St.3d 60, 584 N.E.2d 1204, applied to reopen the instant case, *State v. Willis Chapman*, Cuyahoga App. No. 96629, which this court dismissed on May 23, 2011, for failure to file a record.[1]  Chapman seeks to argue that the charges are allied offenses and

---

[1]This case has a peculiar procedural posture.   The Grand Jury indicted Chapman on two counts of rape and two counts of kidnapping.   He pleaded guilty to one count of rape, and the other charges were nolled.   The trial court sentenced him to 25 years on November 20, 2008.   On April 8,

that the indictments are invalid because they are "cookie cutter" indictments.

For the following reasons, this court denies the application.

{¶ 2} Regardless of any irregularity or error in the proceedings, an application to reopen pursuant to App.R. 26(B) is the wrong remedy. Subsection (B)(1) states this remedy's scope: "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." Because Chapman represented himself in the appeal, he is now precluded from arguing ineffective assistance of appellate counsel. *State v. Boone* (1996), 114 Ohio App.3d 375, 683 N.E.2d 67; *State v. Vines* (Sept. 14, 1989), Cuyahoga App. No. 55693 and (Nov. 3, 2000), Cuyahoga App. No. 78691, reopening disallowed (June 5, 2003), Motion No. 347277; *State v. Smith* (Dec. 10, 2001), Cuyahoga App. No. 79292, reopening disallowed (Mar. 8, 2002),

---

2009, the trial court sua sponte amended the sentence to 25 years to life. Chapman then appealed. *State v. Chapman*, Cuyahoga App. No. 93195. Because the state of Ohio agreed that the sentence was in error and because the amended sentence was the only issue on appeal, both parties jointly moved to dismiss the appeal, so that the trial court could correct the sentence. This court accordingly dismissed the appeal.

On October 14, 2010, Chapman filed a motion to vacate void sentence in the trial court. On April 4, 2011, the trial court entered two journal entries, one granting the motion to vacate and the other stating that Chapman pleaded guilty to two counts of rape and an amended count of abduction, that count 4 is nolled, that Chapman is sentenced to an agreed sentence of 23 years, that the offenses are non-allied, and that Chapman waived reading and defect in the indictment.

Chapman then pro se filed this appeal. He also filed in the trial court pro se motions for a transcript at state's expense and for an appellate counsel. The trial court denied both motions. Chapman did not file such motions in this court. When no transcript was filed, this court dismissed.

Motion No. 336058 and *State v. Jackson*, 2002-Ohio-5461, Cuyahoga App. No. 80118. As the United States Supreme Court noted in *Faretta v. California* (1975), 422 U.S. 806, 834, n.46, 95 S.Ct. 2525, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"

**{¶ 3}** App.R. 26(B)(2)(d) requires an applicant to include a "sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal." Chapman submitted no sworn statement. In *State v. Lechner*, 72 Ohio St.3d 374, 1995-Ohio-25, 650 N.E.2d 449, the Supreme Court of Ohio affirmed the denial of Lechner's application which was solely on the basis of failing to comply with App.R. 26(B)(2)(d). The Supreme Court of Ohio ruled that the inclusion of the sworn statement is mandatory. *State v. Tierney*, Cuyahoga App. No. 78847, 2002-Ohio-2607, reopening disallowed, 2002-Ohio-6618; State v. Fussell,

**{¶ 4}** (June 1, 1999), Cuyahoga App. No. 73713, reopening disallowed (Dec. 17, 1999), Motion No. 309186; and *State v. Phillips* (Dec. 28, 2001), Cuyahoga App. No. 79192, reopening disallowed (Mar. 8, 2002), Motion No. 335540.

Accordingly, this court denies the application to reopen.


_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, P.J.
SEAN C. GALLAGHER, J.