[Cite as *State v. Almashni*, 2012-Ohio-349.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 92237

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## YASIN ALMASHNI

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No.  CR-506300
Application for Reopening
Motion No. 450413

**RELEASE DATE:**  February 1, 2012

**FOR APPELLANT**

Yasin Almashni
Inmate No. 563-991
Grafton Correctional Inst.
2500 S. Avon Belden Road
Grafton, OH 44044

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Debra A. Obed
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

EILEEN A. GALLAGHER, J.:

{¶ 1}  Yasin Almashni has filed an application for reopening pursuant to App.R. 26(B).  Almashni is attempting to reopen the appellate judgment in *State v. Almashni*, 8th District No. 92237, 2010-Ohio-898, 2010 WL 856212, which affirmed his conviction and sentence for the offenses of felonious assault and aggravated menacing.  We decline to reopen Almashni's appeal.

**{¶ 2}** App.R. 26(B)(2)(b) requires that Almashni establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has firmly established that:

> "We now reject [the applicant's] claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before [the applicant's] appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. **Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.**
>
> **"Ohio and other states 'may erect reasonable procedural requirements for triggering the right to an adjudication,'** *Logan v. Zimmerman Brush Co.* **(1982), 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed 2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen.** [The applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * **The 90-day requirement in the rule is 'applicable to all appellants,'** *State v. Winstead* **(1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule."** (Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶7. See, also, *State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970*; State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

**{¶ 3}** Herein, Almashni is attempting to reopen the appellate judgment that was journalized on March 11, 2010. The application for reopening was not filed until December 15, 2011, more than 90 days after journalization of the appellate judgment in

*Almashni*. In an attempt to establish "good cause" for the untimely filing of the application for reopening, Almashni argues that "[g]ood cause exists in this case based upon the language barrier the appellant suffers with understanding the english (sic) language, in both written and oral form." Almashni has failed to establish "a showing of good cause" for the untimely filing of his application for reopening, because he has failed to state how the language barrier prevented a timely filing of the application for reopening. In addition, the fact that Almashni filed his application for reopening in a totally literate form demonstrates that Almashni possesses a rudimentary understanding of the English language and the ability to read and write in an intelligent and understanding fashion. *State v. Klein*, 8th Dist. No. 58389, 1991 WL 41746 (Apr, 8, 1991), reopening disallowed (Mar. 15, 1994), Motion No. 49260, *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027; *State v. Trammell*, 8th Dist. No. 67834, 1995 WL 415171 (July 24, 1995), reopening disallowed (Apr. 22, 1996), Motion No. 70493; *State v. Travis* 8th Dist. No. 56825, 1990 WL 40573 (Apr. 5, 1990), reopening disallowed (Nov. 2, 1994), Motion No. 51073, *aff'd*, 72 Ohio St.3d 317, 649 N.E.2d 1226 (1995). See, also, *State v. Gaston, 8th Dist.* No. 79626, 2007 WL 117505 (Jan. 1, 2007) reopening disallowed (Jan. 17, 2007), Motion No. 391555; *State v. Torres*, 8th Dist. No. 86530, 2006-Ohio-3696, 2006 WL 2023578, reopening disallowed 2007-Ohio-9, Motion No. 390254.

{¶ 4} Accordingly, the application for reopening is denied.

EILEEN A. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR