[Cite as *State v. Crain*, 2012-Ohio-1340.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### Nos. 95012, 95013, 95014, and 95015

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CHRISTOPHER CRAIN

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case Nos. CR-522284, CR-528311,
CR-529763, and CR-532481
Application for Reopening
Motion No. 451537

**RELEASE DATE:** March 28, 2012

**FOR APPELLANT**

Christopher Crain, pro se
Inmate No. 583024
Mansfield Correctional Institution
P. O. Box 788
Mansfield, OH   44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Matthew E. Meyer
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} In *State v. Crain*, Cuyahoga County Court of Common Pleas Case Nos. CR-522284, CR-528311, CR-529763, and CR-532481, applicant pled guilty to a trafficking offense, aggravated theft, having a weapon while under disability and robbery. This court affirmed that judgment in *State v. Crain*, 8th Dist. Nos. 95012, 95013, 95014 and 95015, 2011-Ohio-1924.

{¶2} Crain has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because appellate counsel failed to assign as error that trial counsel was ineffective. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

**{¶4}** This court's decision affirming applicant's conviction was journalized on April 21, 2011. The application was filed on January 23, 2012, clearly in excess of the ninety-day limit.

**{¶5}** Crain contends that he has good cause for the delay in filing his application for reopening. He states that, due to state budget cuts, the law library in the institution has been closed "for a time and more often than normal due to personell [sic] shortage." Application for Reopening, at 1.

**{¶6}** This court has already rejected the argument that budget cutbacks resulting in limited access to a prison library and legal materials constitutes good cause. *See State v. Benson*, 8th Dist. No. 87655, 2007-Ohio-830, reopening disallowed, 2008-Ohio-4701. We must conclude, therefore, that Crain has failed to demonstrate good cause for the delay in filing his application for reopening. The application is untimely.

**{¶7}** The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). *E.g.*, *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, and *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Crain's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. *See, e.g., State v. Almashni*, 8th Dist. No. 92237, 2010-Ohio-898, reopening disallowed, 2012-Ohio-349.

As a consequence, Crain has not met the standard for reopening. Accordingly, the application for reopening is denied.

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR