[Cite as *State v. Welch*, 2012-Ohio-3351.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95577**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LEE WELCH

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**APPLICATION DENIED**

---

Cuyahoga County Common Pleas Court
Case No. CR-529812
Application for Reopening
Motion No. 454708

**RELEASE DATE:** July 24, 2012

**APPELLANT**

Lee Welch, Pro Se
No. 590-660
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Mary McGrath, Esq.
Assistant Prosecuting Attorney
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

**{¶1}** Lee Welch has filed an application for reopening pursuant to App.R. 26(B). Welch seeks to reopen the appellate judgment rendered in *State v. Welch*, 8th Dist. No. 95577, 2011-Ohio-3243, which affirmed his conviction for multiple sexual offenses, but remanded for resentencing. We decline to grant the application for reopening.

**{¶2}** App.R. 26(B)(2)(b) requires that Welch establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgement," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R.26(B)(2)(b), has firmly established that:

> We now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App. R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * *
>
> The 90-day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7-9. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

{¶3} Welch is attempting to reopen the appellate judgment journalized on June 30, 2011. The application for reopening was not filed until May 2, 2012, more than 90 days after journalization of the appellate judgment in *Welch*. Welch has failed to argue or establish any "good cause" under App.R. 26(B)(2)(b) for failing to file his application within the time limit set by the rule. *Gumm*, at ¶ 7. *See also Lamar*. Thus, his application is untimely.

{¶4} Accordingly, this court denies the application to reopen.

_____
JAMES J. SWEENEY, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN ANN GALLAGHER, J., CONCUR