[Cite as *State v. Douglas*, 2012-Ohio-3799.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 91029

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALDEN DOUGLAS

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-449904
Application for Reopening
Motion No. 454809

**RELEASE DATE:**     August 17, 2012

**FOR APPELLANT**

Douglas Alden, pro se
Inmate No. 481-594
Marion Correctional Institution
P.O. Box 57
Marion, Ohio    43302


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
By:     Mark J. Mahoney
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

MARY J. BOYLE, P.J.:

**{¶1}** In *State v. Douglas*, Cuyahoga C.P. No. CR-449904, applicant, Alden Douglas, was convicted of two counts of felonious assault. This court affirmed his resentencing in *State v. Douglas*, 8th Dist. No. 91029, 2009-Ohio-1068. The Supreme Court of Ohio denied Douglas's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Douglas*, 122 Ohio St.3d 1481, 2009-Ohio-3625, 910 N.E.2d 479.

**{¶2}** Douglas has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

**{¶3}** Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

**{¶4}** This court's decision affirming Douglas's conviction was journalized on March 23, 2009. The application was filed on May 7, 2012, clearly in excess of the

90-day limit. Douglas does not argue or demonstrate good cause for the untimely filing of his application for reopening. *Compare State v. Welch*, 8th Dist. No. 95577, 2012-Ohio-3351 (denying an application for reopening as untimely when the applicant failed to argue or establish good cause under App.R. 26(B)(2)(b)).

{¶5} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). *See, e.g., State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, and *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. *See, e.g., State v. Almashni*, 8th Dist. No. 92237, 2010-Ohio-898, *reopening disallowed*, 2012-Ohio-349.

{¶6} We also note that Douglas did not support his application with a sworn statement as required by App.R. 26(B)(2)(d). *See*, *e.g.*, *State v. Bartoe*, 8th Dist. No. 95286, 2012-Ohio-154. Additionally, Douglas represented himself in his direct appeal in Appeal No. 91029. "A defendant who represents himself or herself on direct appeal, however, may not maintain an application for reopening. *State v. Gaston*, Cuyahoga App. No. 92242, 2009-Ohio-3080, reopening disallowed, 2009-Ohio-4715." *State v. Effinger*, 8th Dist. No. 93450, 2009-Ohio-5242, ¶ 4.

{¶7} As a consequence, Douglas has not met the standard for reopening.

{¶8} Accordingly, the application for reopening is denied.

_____
MARY J. BOYLE, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
LARRY A. JONES, SR., J., CONCUR