[Cite as *State v. Hurt*, 2012-Ohio-4268.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96032

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIE HURT

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-514257
Application for Reopening
Motion No. 456110

**RELEASE DATE:** September 14, 2012

**FOR APPELLANT**

Willie Hurt
Inmate #563-360
Lorain Correctional Institution
2075 South Avon-Belden Road
Grafton, OH 44044

**ATTORNEYS FOR APPELLEE**

Willliam D. Mason
Cuyahoga County Prosecutor

By:   Diane Smilanick
Assistant County Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KENNETH A. ROCCO, J.:

{¶1} In *State v. Hurt*, Cuyahoga C.P. No. CR-514257, applicant, Willie Hurt, pled guilty to rape and gross sexual imposition. The entry memorializing his plea and imposing a sentence was journalized on March 19, 2009. On November 17, 2010, Hurt filed an appeal pro se and this court denied his motion for leave to file notice of appeal out of rule (instanter) and dismissed the appeal in *State v. Hurt*, 8th Dist. No. 96032, Entry Nos. 439452 and 439502 (Nov. 22, 2010).

{¶2} Hurt has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel, despite the fact that he represented himself in his direct appeal. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

{¶4} This court's decision dismissing Hurt's appeal was journalized on November 22, 2010. The application was filed on June 18, 2012, clearly in excess of the ninety-day limit. Hurt does not argue or demonstrate good cause for the untimely filing of his application for reopening. *Compare State v. Welch*, 8th Dist. No. 95577, 2012-Ohio-3351 (denying an application for reopening as untimely when the applicant failed to argue or establish good cause under App.R. 26(B)(2)(b)).

{¶5} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). *See, e.g.*, *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, and *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. *See, e.g., State v. Almashni*, 8th Dist. No. 92237, 2010-Ohio-898, reopening disallowed, 2012-Ohio-349.

{¶6} Additionally, Hurt represented himself in his direct appeal in *Hurt*, 8th Dist. No. 96032. "A defendant who represents himself or herself on direct appeal, however, may not maintain an application for reopening. *State v. Gaston*, Cuyahoga App. No. 92242, 2009-Ohio-3080, reopening disallowed, 2009- Ohio-4715." *State v. Effinger*, 8th Dist. No. 93450, 2009-Ohio-5242, ¶ 4.

{¶7} As a consequence, Hurt has not met the standard for reopening.

{¶8} Accordingly, the application for reopening is denied.

_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR