[Cite as *State v. Kennedy*, 2014-Ohio-201.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99378**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM KEITH KENNEDY

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-559724
Application for Reopening
Motion No. 467824

**RELEASE DATE:** January 17, 2014

-i-

**FOR APPELLANT**

William Keith Kennedy, pro se
Inmate #624-625
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio 43950

**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, P.J.:

{¶1} On August 27, 2013, the applicant, William Kennedy, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Kennedy*, 8th Dist. Cuyahoga No. 99378, which this court dismissed on June 18, 2013, for failure to file a record. The state of Ohio did not file a response. For the following reasons, this court denies the application.

{¶2} In *State v. Kennedy*, Cuyahoga C.P. No. CR-559724, the grand jury indicted Kennedy for two counts of kidnapping, four counts of gross sexual imposition, and one count of rape. On May 24, 2013, Kennedy pleaded guilty to rape and two counts of gross sexual imposition; the state nolled the other counts. The trial court imposed an agreed sentence of 16 years.

{¶3} On appeal, this case has a peculiar procedural history. A review of the courts' dockets shows that Kennedy first filed a motion for delayed appeal on October 2, 2012. This appeal was assigned court of appeals case number 99018. On November 6, 2012, this court denied the motion for delayed appeal. On January 9, 2013, Kennedy, pro se, commenced the instant appeal, Case No. 99378, by filing a notice of appeal and a motion for delayed appeal. On January 11, 2013, this court summarily dismissed the appeal for failure to file a timely notice of appeal. In January 2013, Kennedy also filed motions for appointment of counsel and for a transcript at state's expense in the trial

court, which never ruled on them. However, Kennedy never filed such motions in the instant appeal. On April 1, 2013, Kennedy filed a motion for reconsideration in the instant appeal. In May, this court granted the motions for reconsideration and for a delayed appeal and stated that the record was due June 3, 2013. Kennedy never retained an attorney to represent him and never filed the record. Accordingly, on June 18, 2013, this court dismissed this appeal for failure to file the record.

{¶4} Kennedy now seeks to reinstate this appeal for ineffective assistance of appellate counsel. He avers that the public defender's office mislead him by telling him to file motions for appointment of counsel and for a transcript at state's expense with the county clerk's office. Nevertheless, in this appeal, Kennedy was representing himself. A defendant who represents himself on direct appeal may not maintain an App.R. 26(B) application to reopen. *State v. Effinger,* 8th Dist. Cuyahoga No. 93450, 2009-Ohio-5242; *State v. Chapman*, 8th Dist. Cuyahoga No. 96629, 2011-Ohio-4829; and *State v. Hurt*, 8th Dist. Cuyahoga No. 96032, 2012-Ohio-4268.

{¶5} Accordingly, this court denies the application to reopen.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA ANN BLACKMON, J., CONCUR